DRINKWATER, Plaintiff in error, v. STATE, Defendant in error. [Case No. State 73.]

TROTTER, Plaintiff in error, v. STATE, Defendant in error. [Case No. State 172.]

*Nos. State 73, 172. Argued April 9, 1975.—Decided June 16, 1975.*
(Also reported in 230 N. W. 2d 126.)

Case No. State 73:

For the plaintiff in error there were briefs by *Howard B. Eisenberg,* state public defender, and *Robert J. Paul,*

assistant state public defender, and oral argument by *Mr. Paul.*

For the defendant in error there was a brief by *Victor A. Miller,* attorney general, and *Robert D. Martinson,* assistant attorney general, and oral argument by *William L. Gansner,* assistant attorney general.

Case No. State 172:

For the plaintiff in error there was a brief by *Anthony K. Karpowitz,* and oral argument by *Patricia Heim,* both of the Legal Aid Society of Milwaukee.

For the defendant in error the cause was argued by *James H. McDermott,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general, and *Robert D. Martinson,* assistant attorney general.

HEFFERNAN, J. The basic situation in each of these cases is identical. Each defendant was convicted and placed on probation. Subsequently, each defendant was convicted of another offense and sentenced to prison for that offense. As a result of the later conviction, the probation on the first conviction was revoked, and in each case the revoking trial judge ordered that the sentence imposed after the revocation of probation in the first conviction was to be served consecutive to the sentence imposed after placing the defendant on probation.

It is the argument of each of the defendants, Willie Lee Drinkwater and Larry Trotter, that upon revocation of probation the trial judge has no statutory authority to order that the sentence then imposed be made consecutive to other sentences. They argue that the sentence ordered after revocation must commence immediately, and that, therefore, its commencement cannot be made effective in the future upon the completion of another prison term.

We agree with the contention of the defendants. We conclude that the authority given to a trial judge is statutory only and that, under the statutes, a trial judge has no authority to revoke probation and impose sentence to commence consecutive to another prison term. The sentences with which we are concerned herein, to the extent that they are consecutive, must be set aside.

In the case of Drinkwater v. State (No. State 73), Drinkwater was charged with burglary, found guilty, and sentenced on December 23, 1970, by Judge JOHN L. COFFEY to an indeterminate term of not to exceed four years at the Wisconsin State Reformatory. The execution of that sentence was stayed, and Drinkwater was placed on probation for three years. On July 8, 1971, Drinkwater pleaded guilty to the charge of operating an automobile without the owner's consent. Judge COFFEY then sentenced Drinkwater to an indeterminate term of not to exceed three years, to be served consecutive to the four-year term on the burglary conviction. The execution of that sentence was stayed also. Drinkwater was placed on three years' probation, to be served concurrent with the term of probation on the burglary conviction. On October 9, 1973, Drinkwater was convicted of rape in the Milwaukee circuit court. On December 11, 1973, Drinkwater was sentenced by Judge CHRIST T. SERAPHIM to twenty years at the Wisconsin State Prison.

Following the imposition of that twenty-year sentence, Drinkwater was returned to Judge COFFEY'S court. The two periods of probation previously set by Judge COFFEY were revoked on December 18, 1973, and the sentences of four and three years previously stayed were ordered to be served at the Wisconsin State Prison at Waupun concurrent with each other but consecutive to the twenty-year rape sentence. A writ of error was issued by this court to review the denial of Drinkwater's motion to correct that sentence.

In No. State 172, Larry Trotter was found guilty by Judge HERBERT J. STEFFES on March 20, 1972, of operating a motor vehicle without the owner's consent. Judge STEFFES withheld sentence and placed Trotter on probation for four years. On December 3, 1973, Trotter was found guilty of another charge of operating a motor vehicle without the owner's consent and was sentenced to a two-year term, to be served at the state reformatory. On February 14, 1974, the secretary of the department of health and social services administratively revoked Trotter's probation, and Trotter was returned to the circuit court for sentencing on the charge of which he had been found guilty on March 20, 1972, but for which sentencing had been withheld. Upon the return to circuit court on March 19, 1974, Judge SERAPHIM sentenced Trotter to a four-year term to run consecutive to the two-year term imposed on December 3, 1973. Writs of error were issued by this court to review the judgment of March 19, 1974, and to review the order of the court of July 31, 1974, that denied a motion for modification of the sentence.

The factual situations differ in that, in Drinkwater's case, the sentence was imposed and the execution withheld, and, in Trotter's case, no sentence was imposed. Nevertheless, the same basic question is presented by each set of circumstances—where there has been a determination by a trial judge to put a defendant on probation, may he thereafter, following the revocation of that probation, order the sentence to commence sometime in the future, consecutive to a term imposed following the creation of a probation status and commencing prior to revocation of the probation.

A trial court has no inherent power to defer the execution of a sentence in a criminal case. That question was discussed in *Drewniak v. State ex rel. Jacquest* (1942), 239 Wis. 475, 484, 1 N. W. 2d 899, wherein this court stated:

"... courts have no inherent power to stay execution of a sentence in a criminal case in the absence of statutory authority except for the limited purpose of affording relief against the sentence itself."

*Ex parte United States* (1916), 242 U. S. 27, 37 Sup. Ct. 72, 61 L. Ed. 129, pointed out that the stay of execution of a sentence for the purpose of probation does not qualify as a stay for the limited purpose of affording relief against the sentence itself. This means that, unless a court has specific authority to stay the execution of a sentence and to order it to be served by the defendant consecutive to a later imposed sentence, it acts without authority. If there is no statutory authority for what the trial judges did in the instant cases, the provision that the sentence be consecutive is void.

The power sought to be exercised by the circuit judges in this instance is one that can only be conferred by statute. That proposition was recognized in *State ex rel. Zabel v. Municipal Court* (1923), 179 Wis. 195, 201, 190 N. W. 121, 191 N. W. 565, wherein this court said that it was the purpose of the probation statute to confer a new power upon the court—the power to suspend the execution of a sentence and to place the defendant on probation. The question in this case is whether the probation power conferred upon courts by the legislature in 1909 embraces the situation in which a trial judge orders that a sentence previously stayed is to be imposed effective following the completion of a term then being served.[1]

The state argues, however, that it need not resort to the inherent powers of the court, because the procedure

[1] We have examined the contention of the state in respect to *Hayes v. State* (1970), 46 Wis. 2d 93, 175 N. W. 2d 625, and *Weston v. State* (1965), 28 Wis. 2d 136, 135 N. W. 2d 820, and conclude that the inherent powers of a trial court recognized in those two instances are inapplicable to the probation situation. Their holdings must be confined to the factual framework in which the cases arose.

utilized by each of the sentencing judges was specifically sanctioned by the statutes.

The state relies upon sec. 973.15 (1), Stats.:

"973.15 **Sentence, terms, escapes.** (1) All sentences to the Wisconsin state prisons shall be for one year or more. Except as otherwise provided in this section, all sentences commence at noon on the day of sentence, but time which elapses after sentence while the defendant is in the county jail or is at large on bail shall not be computed as any part of his term of imprisonment. The court may impose as many sentences as there are convictions and may provide that any such sentence be concurrent or that it shall commence at the expiration of any other sentence; and if the defendant is then serving a sentence, the present sentence may provide that it shall commence at the expiration of the previous sentence. If a convict escapes, the time during which he is unlawfully absent from the prison after such escape shall not be computed as part of his term. Courts may impose sentences to be served in whole or in part concurrently with a sentence being served in a federal institution or an institution of another state."

The state relies upon this statute upon the theory that a trial judge, when imposing any sentence, in accordance with express language, may make that sentence effective "at the expiration of any other sentence," even though that "other sentence" has been previously imposed, possibly by another judge, and the sentence being imposed is only the result of the exercise of sentencing powers subsequent to the revocation of a probation.

The defendants argue that sec. 973.15 (1), Stats., has nothing to do with sentencing following a revocation of probation, that it is primarily applicable when multiple sentences are imposed at one time or when sentence is imposed in a nonrevocation situation. The defendants argue that resort must be made to the more specific statute that in detail covers court procedure to be employed upon revocation. That statute, sec. 973.10 (2), provides in part:

"If a probationer violates the conditions of his probation, the department may order him brought before the court for sentence which shall then be imposed without further stay or if he has already been sentenced, may order him to prison; and the term of the sentence shall begin on the date he enters the prison."

In relying upon this statute, Drinkwater and Trotter argue that the court, after the revocation of probation, cannot order the sentence be served consecutively to a sentence imposed on a conviction arising between imposition and revocation of the probation because sec. 973.10 (2), Stats., plainly states that it is the will of the legislature that the sentence imposed upon revocation of probation "shall begin on the date he enters the prison." Since there had already been a prison sentence imposed, a sentence consecutive to one previously imposed would begin at a time later than "the date he enters the prison." Therefore, it is argued, a consecutive sentence cannot be imposed.

The basic proposition argued by the defendants on this appeal is correct. The statute to be applied is the probation revocation statute, sec. 973.10 (2), Stats., not the general sentencing statute, sec. 973.15 (1).

The predecessor statute of sec. 973.15 (1), Stats., appears originally in the Revised Statutes of 1878 as sec. 4733. It preceded the first probation statutes by over thirty years. This in itself is convincing evidence that it was not intended to affect the powers of a sentencing judge after the revocation of probation. Probation was unknown to Wisconsin law when the language of sec. 973.15 (1) came into our statutes. A revision of sec. 4733 in 1911 stated that, when any person was convicted of more than one offense "at the same time," the court could impose as many sentences of imprisonment as the defendant had been convicted of offenses charged and the sentences could be made consecutive to each other.

The probation statutes were created by the Laws of 1909, ch. 541. The 1911 statutes show the predecessor of the present probation section, sec. 973.10 (2), Stats., as sec. 4734g.

Although these respective predecessors of secs. 973.15 (1) and 973.10 (2), Stats., appeared in the same chapter, they appeared under separate captions and neither referred to the other. At that time, sec. 4733 obviously was inapplicable to the probation revocation sentencing procedure, because it provided for the imposition of consecutive sentences only when a defendant was convicted of more than one offense "at the same time."

However, sec. 4734g, Stats. 1911, after setting forth the procedure on arrest and apprehension of a probationer, stated:

"In all cases of such termination of probation the original sentence shall be considered as beginning upon the first day of imprisonment in the institution to which he is sentenced, and no period of probation shall be deducted therefrom."

It is clear that in 1911 these statutes were unrelated to each other.

Ch. 615 of the Laws of 1919 renumbered the probation revocation statute, sec. 4734g, Stats., the predecessor of sec. 973.10 (2), as sec. 57.03 (1). Again, that statute as renumbered provided that the sentence, whether imposed for the first time after revocation or merely making effective the execution of a sentence previously imposed and stayed "shall be deemed to have begun at the date of his first detention at such institution."

By ch. 255, Laws of 1969, sec. 57.03 (1), Stats., was repealed and re-created as present sec. 973.10 (2). The note appearing in the Laws of 1969 states that sec. 973.10 (2) is a restatement of the pre-existing sec. 57.03 (1). It did not change the meaning of the statute.

Sec. 4733, Stats., the predecessor to sec. 973.15 (1), was renumbered as sec. 359.07 by ch. 4, Laws of 1925. The revision of the criminal code in 1949 changed the wording of sec. 359.07. Ch. 631 of the Laws of 1949 deleted from the language of sec. 973.15 (1), Stats., the proviso that consecutive terms could only be imposed "when any person is convicted of more than one offense at the same time."

The comment in an article in the 1950 Wisconsin Law Review, page 508, at 519, by William A. Platz, the reporter for this revision of the criminal code, points out that this change in verbiage had nothing to do with probation revocation and sentencing. Mr. Platz, in explaining the revision to sec. 359.07, Stats., said:

"There is also added express authority to make any new sentence consecutive to one already being served. The old statute authorized the court to impose consecutive sentences 'when any person is convicted of more than one offense at the same time.' But no express provision was made for consecutive sentences in those cases where prisoners who had previously been sentenced were taken from the prison to stand trial on other charges pending against them, as often happens."

Since the revision of 1949, the statute has been unchanged. It was, however, by the Laws of 1955, ch. 660, sec. 13, renumbered as sec. 959.07. By the Laws of 1969, ch. 255, it was repealed and renumbered as sec. 973.15 (1).

The history of these statutes shows that they developed independently and for a long period of time appeared in separate chapters of the statutes or under separate captions. There is no cross-reference between them. Sec. 973.15 (1), Stats., was not intended to apply to sentences imposed or ordered after a probation revocation. Moreover, sec. 973.15 (1) provides that "all sentences commence at noon on the day of sentence." While some exceptions to that rule are contained within sec.

973.15 (1), the exception that would be required had the statute any relevancy to the probation situation is not to be found. The wording of sec. 973.15 (1) is inconsistent with the imposition of probation, and the failure to except the probation situation from the operation of the statute is proof positive that the section is inapplicable.

It is clear from the plain meaning of secs. 973.15 (1) and 973.10 (2), Stats., that only the latter specifically deals with the imposition of sentence following the revocation of probation. Sec. 973.15 (1) lacks any language which would lead one to conclude that the probation situation was ever contemplated. Moreover, if by some stretch of the imagination, sec. 973.15 (1) could arguably be applicable, the more specific statute, sec. 973.10 (2), would nevertheless control the situation before the court.

It should also be noted that at the time Drinkwater's probation was revoked on December 18, 1973, judges, rather than the department of health and social services, had the task of revoking probation. Sec. 973.11 (3), Stats. 1971, provided that the power of the courts in Milwaukee county were the same as those of the department of health and social services in respect to revocation of probation.

When the department revoked the probation of a defendant whose sentence had been imposed and stayed, the department could only order the defendant to prison forthwith. There was no procedure whereby the department could make the defendant's sentence then ordered to be served to be consecutive to a sentence that came between the original imposition of a stayed sentence and its revocation.

Under the laws as they existed at the time Drinkwater's sentence was revoked, the courts in Milwaukee county, having the same powers that were conferred upon the department, could, in the event of a stayed sentence,

only revoke the probation and order the defendant to prison with the term to start immediately.

The judges who sentenced Drinkwater and Trotter used different techniques in placing the defendants on probation. Judge COFFEY sentenced Drinkwater in the first instance to a term not to exceed four years and in the second instance sentenced Drinkwater to a term not to exceed three years. In each case the execution of the sentence was stayed. In respect to Trotter, Judge STEFFES, after finding Trotter guilty, placed him on probation for four years but withheld sentencing. Accordingly, in respect to Drinkwater, the sentences were imposed but their execution stayed. In respect to Trotter, the imposition of sentence was withheld.

The state argues that, in interpreting sec. 973.10 (2), Stats., different powers are conferred upon the trial judge depending upon whether the sentence has been withheld or whether sentence has been imposed and stayed. The state argues that, if the sentence was originally withheld and is imposed only after the revocation of probation, then sec. 973.15 (1) is applicable to determine the time the sentence begins to run. This interpretation is incorrect. Sec. 973.10 (2) provides in part:

". . . the department may order him brought before the court for sentence which shall then be imposed without further stay or if he has already been sentenced, may order him to prison; and the term of the sentence shall begin on the date he enters the prison."

The state argues that the clause following the semicolon refers only to the situation mentioned immediately before the semicolon—the situation existing when the defendant has already been sentenced. It further argues that, if the sentence was originally withheld and was

imposed for the first time after the revocation of probation, then sec. 973.15 (1), Stats., applies and the trial judge may set the time for the commencement of the term consecutive to a term previously imposed.

This argument overlooks the legislative history of sec. 973.15 (1), Stats., which has been discussed extensively above and which makes apparent the inapplicability of sec. 973.15 (1) to any probation situation. Moreover, the plain meaning of sec. 973.10 (2) is that in any case the term of the sentence shall begin when the revoked probationer "enters the prison," whether he has just been sentenced or whether the sentence had been imposed at the time probation was granted but was stayed.

A semicolon is used to separate compound sentences. It is used to separate an independent clause that could stand as a sentence. It is coordinate to the material that appears before the semicolon and, as used in the instant case, modifies all that appears before the semicolon in the same manner that a separate sentence would explain the material in the preceding sentence. This interpretation of the effect to be given to a semicolon is supported by Fowler, *Modern English Usage* (2d ed. 1965), p. 589, by Theodore M. Bernstein, *The Careful Writer* (1965), p. 373, and by Webster's *New International Dictionary* (3d ed.). Webster's *New International Dictionary* defines semicolon as:

"[A] punctuation mark; that is usu. used to separate the independent clauses of a compound sentence when the clauses are joined by no connective, when the clauses are joined by a conjunctive adverb, or when the clauses are joined by a coordinating conjunction but are long and contain internal punctuation and that is often used to separate long items in a series."

Strunk & White, *The Elements of Style* (2d ed.), p. 6, points out:

"If two or more clauses grammatically complete and not joined by a conjunction are to form a single compound sentence, the proper mark of punctuation is a semicolon."

While these definitions of the usage of a semicolon are somewhat conflicting and they cast some doubt upon the propriety of the punctuation used by the scriveners of sec. 973.10 (2), Stats., one thing is made clear by these grammatical authorities—that the portion of sec. 973.10 (2) following the semicolon is, in effect, an independent clause which could have been written as a separate sentence. If so written, it would be beyond cavil that the sentence stating when the term of the sentence shall begin—"on the date he enters the prison"—would be applicable to both situations mentioned in sec. 973.10 (2) quoted above.

We therefore conclude that, whether the sentence was withheld or imposed and stayed, upon the revocation of probation the sentence begins on the date the defendant enters prison. This is the only statutory authority given to the sentencing judge. A sentence imposed upon the revocation of probation cannot be made consecutive to a sentence previously imposed. Sec. 973.15 (1), Stats., is inapplicable to either the Drinkwater or Trotter situation. It was beyond the statutory power of Judge COFFEY in the Drinkwater situation and beyond the power of Judge SERAPHIM in the Trotter situation to impose consecutive sentences.

Various arguments have been made by the defendants to show that fundamental constitutional protections, particularly those against double jeopardy and those that require equal protection, would be denied if consecutive sentences could be imposed under these circumstances. We need not delve into these arguments, because under existing statutes consecutive sentences cannot be imposed. We see no denial of due process, however, because a trial

judge could impose a consecutive sentence after a revocation of probation when he could not have done so at the time of the initial finding of guilt. Assuming a record that showed the social desirability or necessity of a consecutive sentence following revocation, we see nothing fundamentally unfair nor any denial of due process just because a sentence imposed after revocation is made consecutive to another sentence.

The fact that a court in a probation-revocation situation cannot make the sentences imposed by that court consecutive does not mean that consecutive sentences can never be imposed following a probation revocation. The judge sentencing a defendant has the option under sec. 973.15 (1), Stats., to make a sentence consecutive to a sentence previously imposed following the revocation of probation. The trial judge upon a second conviction could follow the procedure utilized in *Sprang v. State* (1974), 63 Wis. 2d 679, 218 N. W. 2d 304. He could postpone sentencing upon a guilty finding until after the probation revocation and sentencing on the earlier violation. After probation is revoked and sentence is imposed for that earlier violation, the trial judge, in the exercise of his sentencing discretion, may determine whether to make the sentence on the other conviction consecutive to or concurrent with the sentence imposed upon the revocation of probation. Thus, in a proper case, the defendant need not escape the possibility of consecutive sentences. Needless to say, however, if it is the legislature's will to have a judge, upon the revocation of probation, impose consecutive sentences, it would be preferable to confer that specific authority on the judge as a part of sec. 973.10 (2), rather than to use the contorted administrative procedure outlined above.

We emphasize that in an appropriate case the public interest is served by the imposition of a consecutive sentence following revocation of probation. To not permit

such sentence when there has been a subsequent felony substantially diminishes the deterrent effect of the sentencing procedure. Remedial action is, however, for the legislature. It is beyond the statutory power of a court in the situations considered here to impose a consecutive sentence even though such sentence is in the public interest.

In the instant case, the sentencing judges exceeded their powers when, upon revocation of probation, they made the sentences on the original convictions consecutive to the sentences on intervening convictions. Those portions of the sentencing judgments which provide that the terms are to be consecutive are void. In the absence of a lawfully imposed consecutive sentence, all sentences are concurred.

The sentences imposed upon the revocation of probation of Drinkwater and Trotter shall, therefore, be concurrent with the sentences previously imposed and shall begin on the date that Drinkwater and Trotter entered prison.

Accordingly, in respect to Willie Lee Drinkwater, the sentencing judgment entered by Judge COFFEY on December 18, 1973, is modified to provide that the four-year sentence on the burglary conviction be served concurrently with the three-year sentence for operating a motor vehicle without the owner's consent, and those sentences be served at the Wisconsin State Prison concurrently with the twenty-year sentence for rape.

In respect to Larry Trotter, the sentencing judgment entered by Judge SERAPHIM on March 19, 1974, is modified to provide that the four-year sentence imposed for operating an automobile without the owner's consent shall be served at the Wisconsin State Prison concurrently with the two-year sentence for operating an automobile without the owner's consent imposed on December 3, 1973.

The term of each of these newly imposed sentences shall commence on the date that Drinkwater and Trotter, respectively, entered prison.

*By the Court.*—In No. State 73, order reversed and sentencing judgment modified and, as modified, affirmed; In No. State 172, order reversed and sentencing judgment modified and, as modified, affirmed.