DONALD E. PERCY, Secretary Department of Health and Social Services
You have requested my opinion on the following questions:
 1. May a court impose consecutive probation terms for convictions of either felonies or misdemeanors under sec. 973.09 (1), Stats.?
 2. May a court place a revoked probationer back on probation when the probationer is returned to court for sentencing pursuant to sec. 973.10 (2)(a), Stats.?
Section 973.09 (1), Stats., provides:
 When a person is convicted of a crime, the court may, by order, withhold sentence or impose sentence and stay its execution, and in either case place him on probation to the department for a stated period, stating in the order the reasons there for and may impose any conditions which appear to be reasonable and appropriate. The period of probation may be made consecutive to a sentence on a different charge, whether imposed at the same time or previously.
It is noted that you have specifically used the terms "felonies" and "misdemeanors" in your first question regarding consecutive probation terms. In that regard, sec. 973.09 (1), Stats., authorizes the court to impose probation whenever a person is convicted of "a crime." In view of the definitional provisions of sec. 939.60, Stats., the distinction between felonies and misdemeanors is not dispositive of the issue concerning consecutive probation terms in that both are crimes.
Ordinarily, where a statute is clear and unambiguous interpretation is unnecessary and it is improper to review matters outside the statutory language, including the legislative history, to determine the meaning intended. Harris v. Kelly,70 Wis.2d 242, 234 N.W.2d 628 *Page 174 
(1975). While it might appear that sec. 973.09 (1), Stats., is unambiguous on its face, issues raised in the case of Prue v.State, 63 Wis.2d 109, 216 N.W.2d 43 (1974), suggests that the terms "sentence" and "probation" are less than unambiguous.
In connection with issues which differ from that raised in your first question, the supreme court concluded in Prue, that the word "sentence" is a legal term and that probation and sentence involve different concepts. Recognizing this distinction, the Legislature amended sec. 973.10 (1), Stats., which deals with the control and supervision of probationers so that there is no longer a statutory reference to a "sentence of probation." See, ch. 157, Laws of 1975. Consequently, whether or not the imposition of probation constitutes a sentence has been laid to rest in this state.
Probation consecutive to an executed sentence imposed on a different charge is specifically authorized by sec. 973.09 (1), Stats., and so recognized in Garski v. State, 75 Wis.2d 62, 68,248 N.W.2d 425 (1977). Nevertheless, other questions arise because the statute authorizing probation is silent with respect to consecutive periods of probation. As pointed out above, while sec. 973.09 (1), Stats., provides that a period of probation may be made consecutive to "a sentence," it does not expressly state that a period of probation may be made consecutive to another period of probation.
A review of the legislative history reveals that the predecessor statute to sec. 973.09 (1), Stats., sec. 57.01, Stats. (1967), provided in pertinent part: "Consecutive periodsof probation may be imposed. In case the conditions of probation are violated, the current probation and all subsequent consecutive probations shall be revoked."
By 1969 Assembly Bill 603, later ch. 255, sec. 63, Laws of 1969, effective July 1, 1969, the above language was deleted from the general probation statute, now renumbered as sec. 973.09 (1), Stats. The only relevant language which remains, appears in the present statute exactly as it did in the predecessor statute, and provides: "The period of probation may be made consecutive to a sentence on a different charge, whether imposed at the same time or previously." The word "sentence" in this statute has been interpreted to mean a term of confinement and not to include the disposition of probation under a general definition of sentence.Prue. *Page 175 
It is clear from cases such as State v. Sittig, 75 Wis.2d 497,500, 249 N.W.2d 770 (1977); Drinkwater v. State, 69 Wis.2d 60,65, 230 N.W.2d 126 (1975); and Drewniak v. State ex rel.Jacquest, 239 Wis. 475, 488, 1 N.W.2d 899 (1942), that the supreme court has repeatedly committed itself to the doctrine that courts have no inherent power to stay or suspend execution of a sentence in a criminal case in the absence of statutory authority. In 60 Op. Att'y Gen. 271 (1971), it was pointed out that a court may grant probation only as authorized in sec.973.09 (1), Stats.
Unlike some jurisdictions, trial courts in Wisconsin have no inherent power to defer the execution of a sentence in a criminal case. Drinkwater, 69 Wis.2d at 65, 66; Drewniak,239 Wis. at 484. This also includes a stay of execution of a sentence for the purpose of probation. Drinkwater; Ex parte United States,242 U.S. 27 (1916); State ex rel. Zabel v. Municipal Court,179 Wis. 195, 201, 190 N.W. 121, 191 N.W. 565 (1923). Thus, any such action must be specifically authorized by statute. Drinkwater;Guyton v. State, 69 Wis.2d 663, 230 N.W.2d 726 (1975).
Since the authority to grant probation is a power given to trial courts by the Legislature, first granted by ch. 541, Laws of 1909, and not a power inherent in the courts, it follows that a grant of probation and the courts, it follows that a grant of probation and the authority to defer execution of terms of probation can only be ordered as permitted by statute. Guyton,69 Wis.2d at 665.
In conclusion, because Wisconsin trial courts have only the authority granted them by statute because the Legislature specifically deleted the prior statutory authority to impose consecutive periods of probation and because it is clear that under Wisconsin case law a period of probation is not a "sentence" with respect to secs. 973.09 and 973.10, Stats., it is my opinion that trial courts presently do not have the authority to impose consecutive terms of probation.
Your second question asks whether a court may place a revoked probationer back on probation when the probationer is returned to the court for sentencing.
While this issue is, at your request, presently pending before the Wisconsin Court of Appeals, Branch III, in the case of Statev. Brian Young, Case No. 80-367-CR, the Wisconsin Supreme Court has *Page 176 
already answered the question in State v. Baglie, 76 Wis.2d 206,251 N.W.2d 36 (1977), where, at 208-09 it held:
 Since sec. 973.10 (2) mandates that the defendant brought again before the trial court after probation revocation be sentenced, there can be no allowance for the imposition of probation. In Prue v. State, 63 Wis.2d 109, 216 N.W.2d 43 (1974), this court stated, "Certainly in this subsection [973.10 (2)] `sentence' does not include probation." Id. at 116, 216 N.W.2d at 46.
 It follows, therefore, that the trial judge exceeded his authority under sec. 973.10 (2) when . . . he extended defendant's term of probation.
Consistent with this decision, I am, therefore, of the opinion that the answer to your second question is, no.
BCL:MEP