STATE of Wisconsin, Plaintiff-Respondent,

v.

David THOMPSON, Defendant-Appellant.

Court of Appeals

*No. 96–0124–CR. Submitted on briefs December 3, 1996.—Decided January 14, 1997.*

(Also reported in 559 N.W.2d 917.)

For the defendant-appellant the cause was submitted on the briefs of *Patricia Flood,* assistant state public defender of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle,* attorney general and *Paul Lundsten,* assistant attorney general.

Before Wedemeyer, P.J., Schudson and Curley, JJ.

WEDEMEYER, P.J. David Thompson appeals from judgments entered after he pled guilty to disorderly conduct while armed as party to a crime and possession of a firearm by a felon contrary to §§ 947.01, 939.63, 939.05 and 941.29(2), STATS. He also appeals from an order denying his postconviction motion seeking sentence modification. He claims that the trial court erred when it imposed sentences in this case to run consecutive to previously imposed but stayed sentences in a prior case, where probation had not yet been revoked. Because § 973.15(2), STATS., does allow the trial court to impose sentences under these circumstances, we affirm.

## I. BACKGROUND

Thompson was originally charged with recklessly endangering another's safety, disorderly conduct while armed, battery and felon in possession of a firearm. On June 19, 1995, he pled guilty to the disorderly conduct and felon in possession of a firearm charges. The remaining charges were dismissed.

The trial court sentenced Thompson to nine and eighteen months to run consecutive to each other and to any other previously imposed sentence. At the time of the sentencing, Thompson had been placed in the intensive sanctions program as an alternative to revoking his probation relating to a previous conviction. The trial court had imposed and stayed a four-year prison sentence placing Thompson on probation for the previous conviction. Approximately two months after the sentencing in the instant case, Thompson's probation in the prior case was revoked.

Thompson filed a postconviction motion asking the trial court to modify the sentence. His argument was that the trial court could not impose the sentence in this case consecutive to the sentence in the earlier case because his probation had not been revoked. The trial court denied his motion. He now appeals.

## II. DISCUSSION

The issue in this case presents a question of law that we review *de novo. State v. Lipke*, 186 Wis. 2d 358, 363, 521 N.W.2d 444, 445-46 (Ct. App. 1994). The issue is whether § 973.15(2), STATS., authorizes a trial court to impose a sentence consecutive to a previously imposed and stayed sentence where the previous sentence is to be served only upon revocation of probation and probation has not yet been revoked. The

trial court concluded that such authority exists under the statute. After our independent review, we agree.

Section 973.15(2), STATS., provides: "Except as provided in par. (b), the court may impose as many sentences as there are convictions and may provide that any such sentence be concurrent with or consecutive to any other sentence imposed at the same time or previously."

In construing a statute, we look to its plain meaning. *State v. Woods*, 173 Wis. 2d 129, 136, 496 N.W.2d 144, 147 (Ct. App. 1992). We conclude that the plain meaning of this statute authorizes the trial court to impose a sentence in the case consecutive to a previously imposed and stayed sentence even if the defendant is placed on probation. The key statutory language states: "the court . . . may provide that any such sentence be . . . consecutive to any other sentence imposed at the same time or previously." In the instant case, the trial court ordered that the sentence in the case before it run consecutively to the previously imposed sentence. This is consistent with the plain language of the statute.

We are not persuaded by any of Thompson's arguments to the contrary. He argues that the previous sentence is not actually *imposed* until probation is revoked. This assertion is incorrect. Thompson's sentence in the previous case was imposed at the time of sentencing. *See* § 973.09(1)(a), STATS.[1] The trial court did not withhold sentencing, but rather stayed the

---

[1] Section 973.09(1)(a), STATS., provides in pertinent part: "[I]f a person is convicted of a crime, the court, by order, may withhold sentence or impose sentence under s. 973.15 and stay its execution."

sentence actually imposed and placed Thompson on probation. *Id.* Revocation of probation is not required to actually *impose* the sentence. The revocation merely triggers the execution or implementation of the sentence.

Thompson also argues that the trial court in the instant case erred because it imposed a sentence consecutive to probation, which is not authorized by statute. We reject this argument as well because that is not what happened in this case. The trial court here did not impose a sentence consecutive to probation. It imposed the sentence consecutive to any previously imposed sentence.

Moreover, our interpretation of the plain meaning of this statute is supported by its legislative history. According to the Judicial Council Note commenting on a revision of § 973.15(2)(a), STATS., the old language which allowed a sentence to run consecutive to another sentence a defendant was "then serving" was removed from the current version because the "then serving" language "failed to achieve its apparent purpose of allowing consecutive sentencing in situations involving probation and parole revocations, escapes, etc." *See* Judicial Council Committee Note, 1981, § 973.15(2)(a), STATS. Removing the "then serving" language evinces an intent to allow the trial court to impose the sentence consecutively under the circumstances present in this case because the new statutory language does not require a defendant to be actually serving a previously imposed sentence. We conclude that the legislature intended to allow trial courts to impose sentences consecutive to previously imposed sentences even in the situation where the previous sentence was stayed and the defendant was placed on probation and the

probation had not yet been revoked at the time of the current sentencing. This is supported both by the plain language of the statute as well as the legislative history.

Based on the foregoing, the trial court did not err when it imposed a sentence consecutive to a previously imposed sentence despite the fact that Thompson's probation had not been revoked.

*By the Court.*—Judgments and order affirmed.