STATE of Wisconsin, Plaintiff-Respondent,

v.

James E. COLE, Defendant-Appellant.

Court of Appeals

*No. 98–3336. Submitted on briefs December 17, 1999.—Decided February 9, 2000.*

2000 WI App 52

(Also reported in 608 N.W.2d 432.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *James E. Cole,* pro se.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Pamela Magee,* assistant attorney general and *James E. Doyle,* attorney general.

Before Nettesheim, Anderson and Snyder, JJ.

¶ 1. ANDERSON, J. James E. Cole appeals from a judgment of conviction for theft contrary to WIS. STAT. § 943.20(1)(a) (1997–98)[1] that sentenced him to three years in prison "consecutive to revocation." At the time of the offense, conviction and sentencing, Cole was on parole. His parole was revoked shortly after the conviction and sentencing for the theft offense.

¶ 2. Soon thereafter, Cole moved the court to modify his sentence. After a hearing on Cole's request, the trial court issued an order denying his motion. Cole reasserts on appeal the same argument he presented to the court when requesting the sentence modification. He claims that the court was without authority to impose the consecutive sentence. Specifically, he argues that because he was on parole and his parole had not yet been revoked, he was not serving a sentence when the three-year prison term "consecutive to revocation" was imposed and the terms requiring the sentence to be served consecutively should be void. Because we conclude that WIS. STAT. § 973.15(2)(a) does allow the trial court to impose sentence under these circumstances, we affirm.

¶ 3. The court's authority for determining proper sentences is governed by WIS. STAT. ch. 973. Resolving Cole's contentions on appeal requires us to interpret and apply the sentencing statutes to the facts at hand.

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

Statutory interpretation is a question of law that we review de novo. *See State v. Olson*, 175 Wis. 2d 628, 633, 498 N.W.2d 661 (1993).

¶ 4. WISCONSIN STAT. § 973.15(2)(a) provides that "the court may impose as many sentences as there are convictions and may provide that any such sentence be concurrent with or consecutive to any other sentence imposed at the same time or previously."

¶ 5. Cole's arguments rely on the court's analysis in *Drinkwater v. State*, 69 Wis. 2d 60, 230 N.W.2d 126 (1975). His reliance is misplaced. In *Drinkwater*, the court held that a sentence could not be imposed consecutively to an unrevoked period of probation. *See id.* at 76. However, this decision was based on a previous version of WIS. STAT. § 973.15 and does not govern our analysis under the present statute. Moreover, it dealt with a defendant sentenced while on probation, not on parole like Cole.

¶ 6. The issue of whether a court has authority to impose consecutive sentences on an unrevoked probationer was more recently addressed in *State v. Thompson*, 208 Wis. 2d 253, 559 N.W.2d 917 (Ct. App. 1997). In that case, Thompson was convicted of additional crimes while on probation for a conviction with an imposed and stayed sentence. For the new convictions, the court sentenced Thompson to prison terms running consecutive to each other and to any other previously imposed sentence. *See id.* at 255. Thompson objected, arguing that the court could not impose consecutive sentences because his probation had not been revoked. *See id.*

¶ 7. We noted that the language in WIS. STAT. § 973.15 had been amended since *Drinkwater* and no longer required that consecutive sentences run with another sentence a defendant was "then serving." *See*

*Thompson*, 208 Wis. 2d at 257. Holding that the court had the authority to impose its sentence on Thompson, we stated:

> [Thompson] argues that the previous sentence is not actually *imposed* until probation is revoked. This assertion is incorrect. Thompson's sentence in the previous case was imposed at the time of sentencing. The trial court did not withhold sentencing, but rather stayed the sentence actually imposed and placed Thompson on probation. Revocation of probation is not required to actually *impose* the sentence. The revocation merely triggers the execution or implementation of the sentence.

*Id.* at 256–57 (citations omitted; footnote omitted).

¶ 8.   The analysis of *Thompson* applies in this case. The key language of WIS. STAT. § 973.15(2)(a) is that the court may impose a sentence "consecutive to any other sentence imposed." Cole's sentence on the first conviction was imposed at the time of sentencing. He was incarcerated for some time prior to being released under the supervision of parole. After the second conviction, the court ordered that the sentence run consecutively to Cole's first sentence after his parole was revoked. As in *Thompson*, parole revocation is not required before the court may issue consecutive sentences. Because Cole had a previously imposed sentence, the statutory requirements for ordering a consecutive sentence are met. We conclude that § 973.15(2)(a) provides the court with authority to issue such a sentence.

¶ 9.   Although concluding as such resolves the issue in this case, we choose to address another of Cole's arguments. Attacking the court's authority to

sentence him to a consecutive prison term, Cole states that because he was on parole, he was not serving the sentence from the first conviction. He forms this conclusion from the WIS. STAT. § 304.072(4) statement that a revoked parolee's sentence does not resume until the day he or she returns to prison. We disagree.

¶ 10.  Serving a criminal sentence does not require that a person be confined. *See Grobarchik v. State*, 102 Wis. 2d 461, 468, 307 N.W.2d 170 (1981). "[A] person may be released from prison [under the parole statutes] prior to the expiration of his [or her] sentence. However, the sentence itself continues during parole until the defendant is finally discharged . . . at the expiration of the term imposed." *Id.* While on parole, a person is constructively in the custody of the State and is serving a sentence of imprisonment until discharged. *See id.*

¶ 11.  WISCONSIN STAT. § 304.072(4) provides a guideline for computing the time served on a sentence. It does not affect the court's sentencing authority. Cole's sentence continued while he was under the supervision of parole. Based on the foregoing, the trial court did not err when it imposed a sentence consecutive to parole revocation.[2]

---

[2] We note that if a sentence is ordered to be served after revocation, there remains a possibility that the parole or probation may not be revoked. We urge the courts to consider this contingency in their sentencing remarks when imposing such a sentence. In this situation, the court could direct that in the event that the parole or probation is not revoked, the instant sentence should commence forthwith.

*By the Court.*—Judgment and order affirmed.