PER CURIAM.
¶1 The Lamar Company appeals a judgment awarding it compensation for property taken by the Wisconsin Department of Transportation through condemnation but denying it litigation expenses. In its brief on appeal, Lamar raises five issues relating to errors allegedly committed by the court at trial, and it also argues that the court erred in denying its request for litigation expenses. However, Lamar does not contend that the result of the trial would have been different but for the court's alleged errors, and the only specific relief requested by Lamar is that this court "determine that, under the facts and circumstances of this case, Lamar is entitled to an award of litigation expenses under WIS. STAT . § 32.28 [2015-16]."[1] Accordingly, we limit our review to the question of whether the court erred in denying Lamar litigation expenses. For the reasons explained below, we affirm.
BACKGROUND
¶2 In September 2014, DOT issued an award of damages to Brian Farr and Lamar to acquire a parcel of land for a highway improvement project. Farr was the owner of the property and is not a party to this appeal.[2] Lamar owned three outdoor advertising signs that were situated on the property. The amount of the award was $220,500.
¶3 Lamar appealed DOT's award to the circuit court and demanded a jury trial. Over Lamar's objection, the property interests of Farr and Lamar were treated as a single entity.[3] The jury was only asked to determine the value of the entire property, including the signs, before and after the taking. The jury determined that the value of the property before the taking was $665,000 and that the value of the property after the taking was $296,000. Lamar then moved the circuit court for judgment on the verdict and for its litigation expenses. The court entered a judgment awarding Farr and Lamar just compensation in the amount of $369,000 plus interest, and denying Lamar's motion for litigation expenses.[4] This appeal followed.
DISCUSSION
¶4 As noted above, Lamar raises six issues in its brief on appeal. Summarized and restated, those issues are:
1. Whether the circuit court denied Lamar its exclusive remedy under WIS. STAT . § 84.30[5] by refusing to instruct the jury in the manner requested by Lamar;
2. Whether DOT was required to pay compensation to Lamar separately from Farr;
3. Whether the circuit court erred in refusing to grant a motion in limine filed by Lamar;
4. Whether Lamar was entitled to a separate trial from Farr;
5. Whether the circuit court erred with respect to the application of the "unit rule" under the facts of this case; and
6. Whether, pursuant to WIS. STAT . §§ 32.28 and 84.30, Lamar was entitled to an award of litigation expenses.
Lamar does not contend that, as to the first five items listed above, but for the alleged errors committed at trial the result would have been different, nor does Lamar contend that it is entitled to a new trial as a result of the alleged errors committed at trial.[6] The only relief that Lamar requests is for litigation expenses, the sixth issue listed above. Because Lamar has not requested relief relating to the other issues discussed in its brief, we do not discuss those other issues.
¶5 Lamar's litigation expenses argument, laid out in less than two pages of its appellant's brief, is difficult to follow, but as best as we can discern, the argument is as follows. WISCONSIN STAT . § 84.30 provides the exclusive remedy for determining just compensation for Lamar's signs here. However, because DOT proceeded with trial under the procedures set forth in WIS. STAT . ch. 32, Lamar is entitled to litigation expenses under WIS. STAT . § 32.28.
¶6 The circuit court denied Lamar's motion for litigation expenses, concluding that the plain language of the applicable statutes and the Wisconsin Supreme Court's ruling in Vivid, Inc. v. Fiedler , 219 Wis. 2d 764, 795, 580 N.W.2d 644 (1998) (Vivid IV ), mandate that no litigation expenses are available for condemnation of an outdoor advertising sign that is subject to WIS. STAT . § 84.30. We agree.
¶7 Whether litigation expenses are available to Lamar in this case depends upon statutory interpretation of several subsections of WIS. STAT . § 84.30 and statutory interpretation is an issue of law, which we review de novo. See State v. Cole , 2000 WI App 52, ¶3, 233 Wis. 2d 577, 608 N.W.2d 432. As we shall discuss below, the Wisconsin Supreme Court has already construed the relevant statutes and we are bound by that construction.
¶8 The parties agree that WIS. STAT . § 84.30(6) - (8) governs Lamar's claim for just compensation for the signs at issue here. And, in Vivid IV , our supreme court held that § 84.30 provides the exclusive remedy for Lamar's claim, and that that remedy does not include litigation expenses. Vivid IV , 219 Wis. 2d at 794-95. This is true even when an action to determine compensation proceeds under WIS. STAT . § 32.05. As the Vivid IV court explained:
We must finally determine whether Vivid is allowed litigation expenses including attorney fees for this action. Vivid argues that using WIS. STAT . § 32.05 to determine the amount of just compensation converts the action into one under WIS. STAT . ch. 32. We disagree. WISCONSIN STAT . § 84.30(8) only authorizes parties and the court to use § 32.05 to determine the amount of just compensation when the parties cannot agree on a just compensation. Using § 32.05 to determine the amount of just compensation does not make the action one under chapter 32. The action is still governed by § 84.30. Accordingly, WIS. STAT . § 32.28, allowing litigation expenses including attorney fees for actions under chapter 32, is not applicable.
Vivid IV , 219 Wis. 2d at 794-95.
¶9 Thus, Vivid IV held that WIS. STAT . § 84.30 is the exclusive remedy for determining a sign owner's just compensation when that sign is removed by the state, and that litigation expenses are not available to the sign owner under that statute, and that such is true even when the procedures of WIS. STAT . § 32.05 are followed because the parties cannot agree on a just compensation. Vivid IV , 219 Wis. 2d at 794-95. Vivid IV is clear and unambiguous and is binding upon us. See Cook v. Cook , 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997).
¶10 Lamar argues that Vivid IV 's holding as to litigation expenses is not controlling in this case because Vivid IV is distinguishable. Lamar argues that this case is different from Vivid IV because Lamar did not initiate the action, but rather that DOT chose to proceed under WIS. STAT . § 32.05, whereas Vivid IV began when the property owner in that case began an inverse condemnation action seeking just compensation, which the property owner was required to do exclusively under WIS. STAT . § 84.30. However, the holding in Vivid IV is not based on which party initiates the action, and Lamar does not explain why such a distinction should matter.
¶11 Lamar also argues that the holding in Vivid IV that litigation expenses are not available to a sign owner whose sign is removed by the state should be reversed because the "Wisconsin Supreme Court decided the litigation expense issue incorrectly in Vivid ." We lack the authority to entertain this argument. See Cook , 208 Wis. 2d at 189.
¶12 Finally, to the extent that Lamar is arguing that it is not equitable for it to have been subject to the procedures set out in WIS. STAT . ch. 32 without being able to benefit from the litigation expenses remedy provided in that statute, we simply respond that such an argument fails under Vivid IV and is properly addressed to the legislature.
CONCLUSION
¶13 For the reasons stated above, we affirm the circuit court's decision that Lamar is not entitled to receive its litigation expenses in this condemnation action.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Farr elected to join in the appeal in the circuit court.

Treating the separate interests of Farr and Lamar as a single interest is known as the "unit rule." "Under the unit rule, when property that is held in partial estates by multiple owners is condemned, the condemnor pays the fair market value of an undivided interest in the property rather than the fair market value of each owner's partial interest." City of Milwaukee Post No. 2874 Veterans of Foreign Wars of the U.S. v. Redevelopment Auth. of Milwaukee , 2009 WI 84, ¶4, 319 Wis. 2d 553, 768 N.W.2d 749.

Farr also moved the circuit court for litigation expenses, which was granted by the court.

Wisconsin Stat . § 84.30 regulates outdoor advertising.

We note that, in its motion for judgment on the verdict, Lamar explained why the jury's determination of the property's value resulted in an "amount of additional just compensation" of $148,500. As DOT notes in its brief, Lamar, as the prevailing party, is not likely to want the proceedings "disturbed."