COURT OF APPEALS
DECISION
DATED AND FILED

June 16, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP2053-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2015CM318

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

RICKY RODRIGUEZ,

DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Sauk County: MICHAEL P. SCRENOCK, Judge. *Affirmed*.

¶1 BLANCHARD, P.J.[1] Ricky Rodriguez, pro se, appeals a circuit court order denying his motion for reconsideration of a prior court order that

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

denied his motion for modification of a sentence imposed after revocation of his probation. In his reconsideration motion, and now again on appeal, Rodriguez argues that, in sentencing him after revocation of his probation in this case, the circuit court "lacked authority," based on **Drinkwater v. State**, 69 Wis. 2d 60, 230 N.W.2d 126 (1975), to order the following: that Rodriguez serve the revocation sentence after he finished serving a prison sentence that had been imposed in a separate case between the time of the probationary disposition in this case and the sentencing after revocation in this case. After determining that this court has jurisdiction over this appeal, I conclude that Rodriguez concedes through silence that his **Drinkwater**-based argument is foreclosed by decisions of this court and I reject it on that basis.

## BACKGROUND

¶2    In June 2015, Rodriguez was charged with misdemeanors in this Sauk County case, and the charges were amended in October 2016. After he was convicted on two counts, the circuit court placed him on probation in February 2017.

¶3    In May 2017 Rodriguez committed felony offenses that were charged in Milwaukee County. After his conviction in the Milwaukee case, he was sentenced to prison in August 2019.

¶4    Based on his May 2017 Milwaukee conduct, Rodriguez's probation in this Sauk County case was revoked, with a revocation order and warrant issued in June 2018. On October 8, 2019, the circuit court in this case sentenced Rodriguez after revocation to nine months' jail on each of the two counts, to be served concurrently to each other, but consecutive to any other sentence, which included the prison sentence in the Milwaukee case.

¶5 On May 28, 2021, Rodriguez, pro se, filed a motion for sentence modification of the sentencing after revocation. The thrust of this motion was that the circuit court at the time of the sentencing after revocation lacked relevant information and was provided with "misinformation," and all of this caused the court to order the sentence after revocation to be served consecutively to the sentence in the Milwaukee case. As a result, Rodriguez argued, "new factors" required sentencing modification because, if the court had all of the relevant, accurate information it would have made the sentence concurrent.

¶6 On July 6, 2021, the circuit court denied the motion without holding a hearing. The court characterized the motion as being based on "the circumstances by which [Rodriguez] was not present for the sentencing [after revocation] hearing scheduled [for] July 19, 2018 and his subsequent assessment upon entry into Dodge Correctional Institut[ion.]" The court denied the motion on the following grounds:

> Even if these facts could be construed to constitute a new factor, the Court is satisfied that knowledge of those matters at the time of sentencing would not have changed the sentence structure in this case. The Court imposed concurrent sentences for the two crimes in this case and ordered that those sentences be consecutive to any other sentence previously imposed, thus ensuring that Mr. Rodriguez receives punishment for the unjustified beating that he inflicted on a gentleman just north of the Noah's Ark family waterpark attraction in the Wisconsin Dells area. (Footnote omitted)

¶7 On October 14, 2021, Rodriguez filed a motion for reconsideration. This motion was based on the terms of WIS. STAT. § 973.10(2), as they were interpreted in ***Drinkwater***, in which our supreme court interpreted the then-existing version of § 973.10(2) (1973-74) to mean that "[a] sentence imposed upon the revocation of probation cannot be made consecutive to a sentence previously

imposed." ***Drinkwater***, 69 Wis. 2d at 74. In other words, the reconsideration motion was to the effect that, given this statement in ***Drinkwater***, the circuit court here acted unlawfully in imposing the consecutive sentence.

¶8    The State replied that pertinent statutes were revised by the legislature after ***Drinkwater***, and therefore ***Drinkwater*** should "not govern" the circuit court's analysis, citing authority that includes ***State v. Cole***, 2000 WI App 52, 233 Wis. 2d 577, 608 N.W.2d 432, and ***State v. Thompson***, 208 Wis. 2d 253, 559 N.W.2d 917 (Ct. App. 1997).

¶9    On November 18, 2021, the circuit court denied the motion for reconsideration based on WIS. STAT. § 973.15(2)(a), which provides that a sentencing court "may provide that any ... sentence be concurrent with or consecutive to any other sentence imposed at the same time or previously."

¶10    On November 29, 2021, Rodriguez filed a single notice of appeal from the circuit court's denial of both his motion for sentence modification and his motion for reconsideration.

## DISCUSSION

¶11    The State challenges the jurisdiction of this court over this appeal. I explain why I reject that challenge before turning to Rodriguez's ***Drinkwater***-based argument.

### *Jurisdiction*

¶12    As this court explained in a March 11, 2022 order, this court lacks jurisdiction to review the circuit court's July 6, 2021 order because Rodriguez filed his notice of appeal too late. *See* WIS. STAT. § 809.10(1)(e). Rodriguez does

not now contest this jurisdictional point and takes the position that he appeals only the order denying the reconsideration motion.

¶13    However, the State contends that this court lacks jurisdiction to review the November 18, 2021 order, in light of the rule that an appeal cannot be taken from an order denying a motion for reconsideration that presents the same issues as those determined in the order sought to be reconsidered.  *See Silverton Enters., Inc. v. General Cas. Co*., 143 Wis. 2d 661, 665, 422 N.W.2d 154 (Ct. App. 1988).  This rule is based on the rationale that motions for reconsideration cannot be used "as a ploy" to extend the time to appeal from a judgment or order when that time has expired.  *Id.*; *see also Ver Hagen v. Gibbons*, 55 Wis. 2d 21, 197 N.W.2d 752 (1972).  More specifically here, the State argues that Rodriguez's appeal fails the "new issues" test because he sought the same relief in both the initial motion and the motion for reconsideration:  modification of his sentence after revocation so that it is served concurrently with the Milwaukee case prison sentence.

¶14    Rodriguez makes several counterarguments but I need to address only one, because I conclude that it is persuasive.  I agree with Rodriguez that the issue presented in the motion for sentence modification differed from the issue presented in the motion for reconsideration.

¶15    As summarized above, the motion for sentence modification was based entirely on alleged "new factors" involving information that was (or was not) before the circuit court at the time of the sentencing after revocation.  In contrast, the motion for reconsideration was based entirely on a statutory argument that the court was prohibited from structuring the sentence as it did.  Thus, the statutory issue was not "disposed of by the original judgment or order," *see Ver*

5

*Hagen*, 55 Wis. 2d at 25, but instead this issue was raised only in the motion for reconsideration. The State merely asserts that the issue was the same in each motion because Rodriguez sought the same relief in each, but the State fails to show how the "new issues" rule applies here to bar jurisdiction. I conclude that the "ploy" rationale of *Silverton* and *Ver Hagen* does not apply here.

*Merits*

¶16    The statute that the circuit court cited in denying the motion for reconsideration, WIS. STAT. § 973.15(2)(a), states in pertinent part that a "court may impose as many sentences as there are convictions and may provide that any such sentence be concurrent with or consecutive to any other sentence imposed at the same time or previously." This permitted the circuit court here to impose the consecutive sentence.

¶17    As noted, Rodriguez relies on *Drinkwater*. But, as the State now argues, Rodriguez's *Drinkwater*-based argument has been rejected by this court based on statutory changes made by the legislature since 1975. *See Cole*, 233 Wis. 2d 577, ¶¶2, 5, 7-8 (noting statutory revisions post-dating *Drinkwater*); *Thompson*, 208 Wis. 2d at 256-57 (same; further noting that "revocation merely triggers the execution or implementation of the sentence"). The State also could have cited, as part of this same line of authority, *State v. White*, 97 Wis. 2d 517, 519-20, 294 N.W.2d 36 (Ct. App. 1979) (noting statutory revisions which "provide that sentencing on probation revocation may be concurrent with or consecutive to any sentence imposed subsequent to the imposition of the original probation."). Without tracing the history in detail, these cases explain that the legislature has revised WIS. STAT. §§ 973.10(2) and 973.15(2) in ways that make *Drinkwater* no longer supportive of Rodriguez's position.

¶18    I need not elaborate further, because after the State cites this line of authority, Rodriguez fails to explain why the authority cited by the State is not dispositive, which concedes the point.  *See **United Coop. v. Frontier FS Coop**.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (appellant's failure to respond in reply brief to argument made in response brief may be taken as concession).  Rodriguez may intend to base some of his arguments on language in WIS. STAT. § 973.10(2)(b) ("If the probationer has already been sentenced, order the probationer to prison, and the term of the sentence shall begin on the date the probationer enters the prison") that he contends conflicts with WIS. STAT. § 973.15(2)'s authorization of imposing "any such sentence … consecutive[ly] to any other sentence imposed … previously."  However, as the above background demonstrates, Rodriguez had not been already sentenced, meaning § 973.10(2)(a) applied, which explicitly incorporates the unambiguous terms of § 973.15(2).

*By the Court*.—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.