STATE of Wisconsin, Plaintiff-Appellant,

v.

Alice R. DEAN, Defendant-Respondent.

Court of Appeals

*No. 80–1776–CR. Submitted on briefs February 24, 1981.—
Decided April 27, 1981.*
(Also reported in 306 N.W.2d 286.)

For the plaintiff-appellant the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Stephen L. Morgan,* acting assistant attorney general.

For the defendant-respondent the cause was submitted on the brief of *Shellow & Shellow* and *Stephen. M. Glynn* and *Janis D. Pattison,* of Milwaukee.

Before Decker, C.J., Moser, P.J., and Cannon, J.

CANNON, J.  The state appeals from a judgment staying sentence, and an order of probation requiring the defendant, Alice R. Dean (Dean), to spend three years in India providing services to the poor as an alternative

to incarceration.[1] The judgment and order is vacated in part, and the case is remanded for further proceedings consistent with this opinion.

Dean, a physician specializing in psychiatry, was charged with theft by fraud, party to a crime, in violation of secs. 943.20, and 939.05, Stats., and false swearing in violation of sec. 946.32(1)(b), Stats. Dean was found guilty of both charges. For the crime of theft by fraud the trial court sentenced the defendant to three years at the Wisconsin State Prison for Women, stayed the sentence, and placed the defendant on probation to the Department of Health and Social Services (Department) for six years. For the crime of false swearing the trial court sentenced the defendant to three years at the Wisconsin State Prison, stayed the sentence, and placed the defendant on probation to the Department for four years. The sentences were to be served concurrently. Four conditions of probation were imposed by the trial court:

(1) the defendant was to reside at the Holy Family Church in Karnataka State, India, for three years and provide nursing or pediatric service to poor children;

(2) the defendant was to surrender her medical license;

(3) the defendant was prohibited from practicing psychiatry during probation; and

(4) the defendant was ordered to make restitution in the amount of $13,285 within 90 days by selling her assets.

[1] Although the state has appealed from all three provisions of the probationary order, this is the sole provision adverse to the state and properly appealable by it. *See* sec. 809.10(4), Stats; R. Martineau and R. Malmgren, Wisconsin Appellate Practice §601 (1978). The other provisions challenged by defendant are adverse only to defendant and should have been properly raised in a cross appeal. Sec. 809.10(2)(a), Stats; Martineau and Malmgren, *supra*, §602(B). Mere inclusion of defendant's challenges in her brief is not sufficient to constitute a cross appeal. *Edlin v. Soderstrom*, 83 Wis.2d 58, 66, 264 N.W.2d 275, 279 (1978).

The sole issue on appeal is: may a trial court impose as a condition of probation the requirement that a defendant-physician do charitable work in the form of medical services without compensation in India? We determine that such a condition of probation is prohibited by secs. 57.13 and 57.135, Stats., and, accordingly, we vacate that part of the order of probation imposing that condition, and remand the cause for further proceedings.

Whether the trial court may order as a condition of probation that the defendant reside in a foreign nation is a question of law. On appeal, the test is not whether the trial court has abused its discretion, but whether the trial court was in error. *State v. Dean,* 67 Wis.2d 513, 526, 227 N.W.2d 712, 718 (1975), *cert. denied sub nom. Dean v. Wisconsin,* 423 U.S. 1074 (1976).

Probation is available only to the extent permitted by the legislature. *State v. Evans,* 77 Wis.2d 225, 230, 252 N.W.2d 664, 666 (1977). By enacting sec. 973.09, Stats., the legislature has permitted the courts to exercise discretion in establishing conditions of probation. This discretion is limited, however, by secs. 57.13 and 57.135, Stats.

Section 57.13, Stats., authorizes the governor of Wisconsin to enter into a compact with "any state of the United States." Among the provisions of this compact the contracting states agree to supervise each other's probationers and parolees and to permit their return to the sending state without extradition proceedings. Sec. 57.13(2) and (3).

Section 57.135, Stats., provides a mechanism whereby a probationer may establish residency in a jurisdiction not a member of the compact. Section 57.135, Stats., provides:

Out-Of-State Parolee Supervision Without Compact. The department is authorized to permit any person convicted of an offense within this state and placed on pro-

bation or released on parole to reside in any other state not a party to the compact authorized by section 57.13 whenever the authorities of the receiving state agree to assume the duties of visitation of and supervision over such probationer or parolee, governed by the same standards that prevail for its own probationers and parolees, on the same terms as are provided in section 57.13(1) and (2) in the case of states signatory to said compact. But before permitting any probationer or parolee to leave this state pursuant to this section, the department shall obtain from him a signed agreement to return to this state upon demand of the department and an irrevocable waiver of all procedure incidental to extradition. The department may, in like manner, receive for supervision probationers and parolees convicted in states not signatory to said compact, and shall have the same custody and control of such persons as it has over probationers and parolees of this state.

By specifically referring to sec. 57.13, Stats., sec. 57.-135 incorporates all of sec. 57.13 by reference. The effect of the statutory reference to sec. 57.13 is the same as if the terms of sec. 57.13—the incorporated statute—had been explicitly written into sec. 57.135. *See Layton School of Art & Design v. WERC,* 82 Wis.2d 324, 337, 262 N.W.2d 218, 224 (1978). Therefore, the word "state" in sec. 57.135 must be read in reference to sec. 57.13 which speaks of a state as "any state of the United States."[2]

India is not a party to the compact nor can it become a member to such a compact since secs. 57.13 and 57.135, Stats., limit membership to "states of the United States." Except as provided in secs. 57.13 and 57.135, there is no statutory authority for ordering a person as a condition of probation to leave the state of Wisconsin. We, therefore, determine that the trial court's condition of proba-

---

[2] Compacts may also be entered into with United States territories and the Commonwealth of Puerto Rico. 46 Op. Att'y Gen. 305, 306 (1957).

tion ordering the defendant to reside in India for three years exceeds the authority conferred by the legislature and must be invalidated.[3]

We remand to the trial court with directions to reconsider, in the exercise of its discretion, the appropriateness of legislatively sanctioned probationary alternatives. In making this determination, the trial court should be guided by the objective of sentencing and probation: "the individualization of justice." *State ex rel. Hauser v. Carballo,* 82 Wis.2d 51, 73, 261 N.W.2d 133, 144 (1978). Should alternative probationary conditions prove unavailable, sentence may be reimposed without placing the defendant in double jeopardy[4] and without exceeding the scope of the matters reviewable on this appeal.[5]

*By the Court.*—Part of the judgment and order vacated and remanded for further proceedings consistent with this opinion.

---

[3] Because of this conclusion, we do not address the state's contention that the condition constituted an unlawful banishment, although we note our reservations on whether the state was the proper party to raise this issue.

[4] Probation is a privilege and not a matter of right. *State v. Evans, supra.* Double jeopardy problems may arise in resentencing a defendant where sentence has been imposed. *State v. North,* 91 Wis.2d 507, 509, 283 N.W.2d 457, 457–59 (Ct. App. 1979). As probation is not a sentence, *Prue v. State,* 63 Wis.2d 109, 114, 216 N.W.2d 43, 45 (1974), we can find no infringement on defendant's constitutional rights by permitting the trial court to reconsider the appropriateness of probation.

[5] Appeal from the final order brings before us that part of the judgment to withhold sentence. *See* sec. 809.10(4), Stats.