STATE of Wisconsin, Plaintiff-Respondent,

v.

Alice R. DEAN, Defendant-Appellant.

Court of Appeals

*No. 82–970–CR. Submitted on briefs December 8, 1982.—
Decided January 26, 1983.*
(Also reported in 330 N.W.2d 630.)

For the defendant-appellant the cause was submitted on the briefs of *Stephen M. Glynn* of *Shellow, Shellow & Glynn, S.C.*, of Milwaukee.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Peter Cannon,* assistant attorney general, medicaid fraud control unit.

Before Decker, C.J., Moser, P.J., and Wedemeyer, J.

MOSER, P.J. Alice R. Dean (Dean) appeals from a judgment of conviction on new sentence to confinement entered February 16, 1982, and an order denying her postsentencing motion entered May 13, 1982. Because we hold that the resentencing of Dean violated her right to be free from double jeopardy as guaranteed by

the fifth and fourteenth amendments to the United States Constitution and art. I, sec. 8 of the Wisconsin Constitution, we reverse the judgment and the order and remand the cause to the trial court to reinstate the order of probation imposed by Judge Kessler with the exception of the condition of probation which requires Dean to reside in India. We note that Dean was on probation for eighteen months preceding the resentencing hearing. The only aspect of Dean's probation which was stayed pending the state's appeal was the condition requiring her to reside in India. We also note that at the sentencing hearing held on February 16, 1982, Dean's probation officer informed Judge Landry that Dean obeyed all the rules and regulations and had met with him as required. He stated that he had had "absolutely no problems with her."

Because this is the third time this case has been before us on appeal,[1] we will discuss only those facts pertinent to this appeal. On August 11, 1980, Judge Frederick P. Kessler sentenced Dean to three years at the Wisconsin State Prison for Women for the crime of theft by fraud, stayed the sentence, and placed Dean on probation to the Department of Health and Social Services (Department) for six years. For the crime of false swearing, Judge Kessler sentenced Dean to three years in prison, stayed the sentence, and placed Dean on probation to the Department for four years. The sentences were to be served concurrently. Judge Kessler imposed four conditions of probation:

(1) Dean was to reside at the Holy Family Church in Karnataka State, India, for three years and provide nursing or pediatric services to poor children;

(2) Dean was to surrender her medical license;

---

[1] *State v. Dean,* 105 Wis. 2d 390, 314 N.W.2d 151 (Ct. App. 1981) (*Dean II*); *State v. Dean,* 102 Wis. 2d 300, 306 N.W.2d 286 (Ct. App. 1981) (*Dean I*).

(3) Dean was prohibited from practicing psychiatry during probation; and

(4) Dean was ordered to make restitution in the amount of $13,285 within ninety days of selling her assets.

The state appealed those parts of the judgment dealing with Judge Kessler's condition of probation ordering Dean to reside in India for three years. We held that this condition of probation was invalid because it exceeded the authority conferred by the legislature.[2] We remanded the cause to the trial court with directions to consider "the appropriateness of legislatively sanctioned probationary alternatives."[3]

On remand, the case was assigned to Judge Robert W. Landry. At the sentencing hearing held February 16, 1982, Judge Landry stated:

After evaluating all of these materials and many more that have been part of this official public record, I impose an indeterminate term not to exceed two years at the State Penitentiary at Taycheedah on count one and also a fine of $10,000.00. I also impose a term of two years on the second count to be served concurrently and a fine of $1,000.00.

On March 3, 1982, the trial court stayed the execution of this sentence pending the determination of this appeal. On April 16, 1982, Dean filed a postsentencing motion arguing that the imposition of a sentence violated the double jeopardy clauses and that the trial court exceeded its jurisdiction by imposing a sentence. The trial court denied the motion on May 13, 1982.

The dispositive issue on appeal is whether the sentence of imprisonment violated Dean's right to be free from double jeopardy as guaranteed by art. I, sec. 8 of the

---

[2] *Dean I, supra* note 1, at 303–04, 306 N.W.2d at 289.
[3] *Id.* at 304, 306 N.W.2d at 289.

Wisconsin Constitution and the fifth and fourteenth amendments to the United States Constitution.

A determination as to whether there has been a violation of the double jeopardy clause is a question of law.[4] As to questions of law, an appellate court need not give special deference to determinations of the trial court.[5]

The double jeopardy clause to the United States Constitution states: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . ."[6] Article I, sec. 8 to the Wisconsin Constitution states in part: "no person for the same offense shall be put twice in jeopardy of punishment . . . ." The double jeopardy clause to the United States Constitution was designed as much to prevent a defendant from being twice punished for the same offense as from being twice tried for it.[7] The double jeopardy provision is enforceable against the states through the due process clause.[8] It is clear from the above that the double jeopardy clauses of both the United States and Wisconsin Constitutions prohibit the placing of a person twice in jeopardy of punishment.

There can be no question that probation is a form of punishment. The United States Supreme Court has stated, "a probation order is 'an authorized mode of mild and ambulatory punishment, the probation being in-

---

[4] *Baker v. Metcalfe*, 633 F.2d 1198, 1201 (5th Cir 1981).

[5] *First Nat'l Leasing Corp. v. City of Madison*, 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977).

[6] U.S. Const. amend. V.

[7] *North Carolina v. Pearce*, 395 U.S. 711, 718 (1969). In *State v. Jenich*, 94 Wis. 2d 74, 80, 288 N.W.2d 114, 117 (1980), our supreme court also recognized "that the double jeopardy provisions protect an accused not only against being twice subjected to punishment but also against being twice put to trial for the same offense."

[8] U.S. Const. amend. XIV; *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

tended as a reforming discipline.' "[9]  Our supreme court
has stated, "[t]he liberty enjoyed by a probationer is,
under any view, a conditional liberty.  It is conditional on
adhering to the conditions of probation as set forth in
the probation agreement.  His position is not that of the
non-convicted citizen."[10]

This court has previously held that double jeopardy
problems may arise in resentencing a defendant where a
sentence has already been imposed.[11]  Because probation
is a form of punishment and a person cannot be placed
twice in jeopardy of punishment, we now hold that the
reimposition of a sentence after a defendant has been
placed on probation, absent a violation of a condition of
probation, is a violation of both the United States and
Wisconsin Constitutions' double jeopardy clauses.[12]

We note that the trial court reimposed sentence on
Dean because in dicta to *Dean I* we stated that this would
not place the defendant in double jeopardy.[13]  The dicta
in *Dean I* was error and the trial court was misled by
this error.  We now hold that this sentence does violate
the double jeopardy prohibitions because our supreme
court has stated, "once it [probation] has been granted
this conditional liberty can be forfeited only by breaching

[9] *Korematsu v. United States*, 319 U.S. 432, 435 (1943).

[10] *State v. Evans*, 77 Wis. 2d 255, 230, 252 N.W.2d 664, 666
(1977).

[11] *State v. North*, 91 Wis. 2d 507, 509–10, 283 N.W.2d 457, 458–
59 (Ct. App. 1979).

[12] *Accord United States* v. Teresi, 484 F.2d 894, 899 (7th
Cir. 1973); *United States v. Bynoe*, 562 F.2d 126, 128 (1st Cir.
1977).

[13] *Dean I, supra* note 1, at 304, 306 N.W.2d at 289.  We note
that this conclusion in *Dean I* was based on *Prue v. State*, 63 Wis.
2d 109, 114, 216 N.W.2d 43, 45 (1974), where the supreme court
stated that probation is not a sentence.  Because it is punishment
which is the key to the double jeopardy clause, our reliance on
*Prue* was misplaced.

the conditions of probation."[14]  We conclude that our former statement in *Dean I* was wrong.  Accordingly, we hold that the trial court erred in reimposing sentence on Dean.

*By the Court.*—Judgment and order reversed and cause remanded with directions.

---

[14] *State v. Tarrell*, 74 Wis. 2d 647, 653–54, 247 N.W.2d 696, 700–01 (1976).