STATE of Wisconsin, Plaintiff-Respondent,

v.

Richard Numby GEREAUX, Defendant-Appellant.

Court of Appeals

*No. 82–2290–CR. Submitted on briefs May 11, 1983.—*
*Decided June 13, 1983.*
(Also reported in 338 N.W.2d 118.)

For the defendant-appellant the cause was submitted on the briefs of *Mark Lukoff,* first assistant state public defender of counsel, of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, with *Kirbie Knutson,* assistant attorney general of counsel, of Madison.

Before Wedemeyer, P.J., Decker and Moser, JJ.

WEDEMEYER, P.J.    This cause is before the court on appeal from a judgment of conviction and from an order denying a notice for postconviction relief. We vacate the judgment in part, reverse the order and remand the cause with directions.

The factual setting for this appeal can be simply and succinctly put. Richard Numby Gereaux (Gereaux) entered guilty pleas to two amended charges of reckless use of a weapon, contrary to sec. 941.20(2)(a), Stats. At the time of disposition, the trial court withheld sentencing on both counts. As an alternative, it imposed a three-year term of probation for each count, but fashioned its disposition so that the terms of probation were consecutive.

At a hearing on postconviction motions, Gereaux requested that the probation term in count two be made concurrent to the probation term in count one, arguing that the trial court lacked the statutory authority to impose consecutive probationary terms. The state acknowledged the merits of Gereaux's position. Nevertheless, the trial court denied the motion, assigning as its rationale that (1) the terms "sentence," "sentencing," and "probation" are often used interchangeably without distinction; and (2) it is senseless to permit courts to make life sentences or ten-year sentences consecutive, but not terms of probation.

The essential issue then is whether in our factual setting the court has the power to make the terms of proba-

tion consecutive. *Grobarchik v. State*, 102 Wis. 2d 461, 467, 307 N.W.2d 170, 174 (1981), informs us:

> The fashioning of a criminal disposition is not an exercise of broad, inherent court powers. We have recently observed based upon separation of powers principles, that it is for the legislature to prescribe the punishment for a particular crime and it is the duty of the court to impose that punishment. *State v. Machner*, 101 Wis. 2d 79, 81, 303 N.W.2d 633 (1981). If the authority to fashion a particular criminal disposition exists, it must derive from the statutes. *Id.* at 82.

A 1965 version of the probationary statute, sec. 57.01(1), Stats. (1965), specifically provided that "[c]onsecutive periods of probation may be imposed."[1]  While the current probation statute, sec. 973.09(1)(a), Stats.,[2] per-

---

[1] Section 57.01, Stats. (1965), states:

Probation of Felons. (1) When a person is convicted of a felony (convictions under s. 52.05 excepted) and it appears to the court from his character and the circumstances of the case that he is not likely again to commit crime and that the public welfare does not require that he shall suffer the penalty of the law, the court may, by order, withhold sentence or impose sentence and stay its execution and in either case place him on probation to the department for a stated period, stating in the order the reasons therefor, and may impose as a condition of such order or of continuing it in effect that he shall make restitution or pay the costs of prosecution or do both. The period of probation may be made consecutive to a sentence of imprisonment on a different charge, whether imposed at the same time or previously. *Consecutive periods of probation may be imposed.* In case the conditions of probation are violated, the current probation and all subsequent consecutive probations shall be revoked. [Emphasis added.]

[2] Section 973.09, Stats., states:

Probation. (1)(a) Except as provided in par. (c) or if probation is prohibited for a particular offense by statute, if a person is convicted of a crime, the court, by order, may withhold sentence or impose sentence under s. 973.15 and stay its execution, and in either case place the person on probation to the department for a stated period, stating in the order the reasons therefor. The

mits a period of probation to be made consecutive to a sentence, it omits the reference to consecutive periods of probation contained in sec. 57.01(1) (1965).[3]

*Prue v. State,* 63 Wis. 2d 109, 114–16, 216 N.W.2d 43, 45–46 (1974), also supports our conclusion that consecutive periods of probation may not be imposed. The terms "probation" and "sentence," according to *Prue,* are different concepts. The Wisconsin Supreme Court noted that a sentence is generally defined as "the judgment of a court by which the court imposes the punishment or penalty provided by the statute for the offense . . . ." *Id.* at 115–16, 216 N.W.2d at 46. Probation is not a sentence; it is an alternative to a sentence. *Id.* at 114, 216 N.W.2d at 45.[4] Furthermore, "sentence" is a legal term and must be given its legal meaning in sec. 973.09(1)(a), Stats., as required by the Wisconsin Supreme Court in *Prue. Id.* at 116, 216 N.W.2d at 46. We hold that the term "sentence" is a legal term that does not include the term "probation."

Here, in lieu of sentence, the trial court, without statutory authority, imposed a consecutive period of probation.

court may impose any conditions which appear to be reasonable and appropriate. The period of probation may be made consecutive to a sentence on a different charge, whether imposed at the same time or previously.

[3] "Provisions is an obsolete and inoperative act which are omitted in another act relating to the same subject matter cannot be applied in a proceeding under the other act because to do so would give effect to the inoperative act." 2A J. Sutherland, *Statutes and Statutory Construction,* § 51.04 (C. Sands 4th ed. 1973). We hold that allowing consecutive periods of probation to be imposed would be giving effect to the repealed statute, sec. 57.01 (1965), Stats.

[4] We note that both probation and sentence are punishments from which individuals are protected against being twice placed in jeopardy. *State v. Dean,* 111 Wis. 2d 361, 364–66, 330 N.W.2d 630, 632–33 (Ct. App. 1983).

Thus, Gereaux must be resentenced on count two. On remand, we direct that the probation period ordered in count two must run concurrently with the three-year probation period of count one.[5] Accordingly, the judgment is vacated to the extent of striking any reference to a consecutive term of probation period. The order is reversed and the cause is remanded to the trial court for appropriate resentencing in light of our holding.

*By the Court.*—Judgment vacated in part, order reversed and cause remanded with directions.

---

[5] In resentencing Gereaux on count two, the trial court is constitutionally prohibited from imposing a period of more than three years of probation. *Id.*

