STATE of Wisconsin, Plaintiff-Respondent,

v.

Daren E. MARON, Defendant-Appellant.

Court of Appeals

*No. 97–0790–CR. Submitted on briefs June 26, 1997.—Decided October 23, 1997.*

(Also reported in 571 N.W.2d 454.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Susan E. Alesia*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *David J. Wambach*,

district attorney, and *James E. Doyle,* attorney general,and *Michael Klos,* assistant attorney general.

Before Dykman, P.J., Vergeront and Deininger, JJ.

VERGERONT, J.[1] Daren Maron appeals from a judgment of conviction for disorderly conduct in violation of § 947.01, STATS. The trial court imposed a sentence of seventy-five days in jail with Huber privileges to be served consecutive to the jail time Maron was already serving as a condition of probation in another case. The sentence was stayed pending appeal pursuant to § 969.01(2)(b), STATS. On appeal, Maron contends that the trial court lacked the authority to impose a sentence consecutive to jail time already being served as a condition of probation. We conclude that § 973.15(2), STATS., does not give the trial court authority to order that the sentence be served consecutive to jail time already being served as a condition of probation. We therefore reverse and remand for resentencing.

Maron entered a guilty plea to the charge of disorderly conduct. At the time of sentencing, September 30, 1996, Maron was on probation for a Class E felony theft and forgery. The record does not reflect the length of that term of probation. As a condition of that probation, he was ordered to serve three consecutive ninety-day

---

[1] Originally assigned as a one-judge appeal under § 752.31 (2)(b), STATS., this case was reassigned to a three-judge panel by order of the chief judge. *See* RULE 809.41(3), STATS. The attorney general has elected to participate pursuant to this court's order of July 28, 1997, and has filed a brief, to which the defendant has replied.

terms in jail with Huber privileges, and this term was to expire in the first week of December 1996.

At sentencing, the State did not make a recommendation. After explaining the terms of probation Maron was currently serving for the prior offenses, defense counsel asked for a thirty-day jail term with Huber privileges, concurrent with the jail time Maron was already serving as a condition of probation in the prior case. The trial court did not accept that recommendation. The court noted the significant violence involved in the disorderly conduct charge toward a woman with whom he was in a relationship. The court determined that Maron should serve seventy-five days in jail with Huber privileges, consecutive to any incarceration that was currently being served, because this was a separate offense from the prior offenses and involved significant violence. The court also noted that Maron had not suffered a penalty because of this charge with respect to the probation previously imposed, except perhaps for a loss of Huber privileges while this case was being resolved, which the court did not consider a significant penalty.

Defense counsel asked the court to reconsider the sentence to make it served forthwith, rather than consecutive to the jail time he was presently serving as a condition of probation. Defense counsel pointed out that Maron was "not serving a sentence at all right now" because he was on probation. The court declined to reconsider because of its view that this offense was a separate one and needed to be addressed separately, through a consecutive sentence.

Maron contends that under § 973.15(1), STATS., all sentences commence at noon on the day of sentence, unless provided otherwise in § 973.15. According to Maron, none of the exceptions apply, and, in particular,

§ 973.15(2), which permits a court to impose a sentence "concurrent with or consecutive to any other sentence imposed at the same time or previously," does not apply because probation is not a "sentence."[2] The State disagrees, arguing that the cases Maron relies on for the proposition that probation is not a sentence were decided under other statutes and are not applicable to § 973.15(2).

A court's authority in sentencing, including the power to impose consecutive sentences, is controlled by statute. *Donaldson v. State*, 93 Wis. 2d 306, 310, 286 N.W.2d 817, 819 (1980). The interpretation of a statute presents a question of law, which we review de novo. *State v. Woods*, 173 Wis. 2d 129, 136, 496 N.W.2d 144, 147 (Ct. App. 1992). The purpose of statutory construc-

---

[2] Section 973.15(1) and (2), STATS., provides:

(1) Except as provided in s. 973.032, all sentences to the Wisconsin state prisons shall be for one year or more. Except as otherwise provided in this section, all sentences commence at noon on the day of sentence, but time which elapses after sentence while the convicted offender is at large on bail shall not be computed as any part of the term of imprisonment.

(2)(a) Except as provided in par. (b), the court may impose as many sentences as there are convictions and may provide that any such sentence be concurrent with or consecutive to any other sentence imposed at the same time or previously.

(b) The court may not impose a sentence to the intensive sanctions program consecutive to any other sentence. The court may not impose a sentence to the intensive sanctions program concurrent with a sentence imposing imprisonment, except that the court may impose a sentence to the program concurrent with an imposed and stayed imprisonment sentence or with a prison sentence for which the offender has been released on parole. The court may impose concurrent intensive sanctions program sentences. The court may impose an intensive sanctions program sentence concurrent to probation. The court may impose any sentence for an escape from a sentence to the intensive sanctions program concurrent with the sentence to the intensive sanctions program.

tion is to give effect to the legislative intent. *Zimmerman v. DHSS*, 169 Wis. 2d 498, 504, 485 N.W.2d 290, 292 (Ct. App. 1992). When determining legislative intent, we first examine the language of the statute itself and will resort to extrinsic aids only if the language is ambiguous. *Zimmerman*, 169 Wis. 2d at 504–05, 485 N.W.2d at 292.

Maron relies on *Prue v State*, 63 Wis. 2d 109, 216 N.W.2d 43 (1974), for his argument that "sentence" as used in § 973.15(2), STATS., does not mean probation, or jail time imposed as a condition of probation. In *Prue*, the court decided that the diminution of sentence for good behavior for inmates in county jails, as provided in § 53.43, STATS., 1971–73, did not apply to persons serving jail time as a condition of probation. *Prue*, 63 Wis. 2d at 112, 216 N.W.2d at 44. A court may require as a condition of probation that the probationer serve time in jail not to exceed one year. Section 973.09(4), STATS., 1971–73. The court in *Prue* stated that "probation is an alternative to a sentence"; and the fact that confinement as a condition of probation was similar in some respects to confinement pursuant to a sentence did not make probation a sentence. *Id.* at 114, 216 N.W.2d at 45. In reaching this conclusion, the court relied on case law from other states as well as the language of §§ 973.09 and 973.10, STATS., which governs probation. That language was, in the court's view, inconsistent with considering probation to be a sentence. *Id.* at 114–16, 216 N.W.2d at 45–46. Specifically, § 973.09(1) provides that "the court, by order, may withhold sentence or impose sentence under s. 973.15 and stay its execution, and in either case, place the

person on probation to the department. . . ."[3] Section 973.10(2)(a) provides that if probation is revoked, and has not already been sentenced, a "sentence" shall then be imposed; and if the probationer has "already been sentenced," the court shall order the probationer to prison. Section 973.10(2)(b).

The court in *Prue* acknowledges that the word "sentence" is often used "in a more general sense" but that it, nevertheless, is a "legal term and should be given its legal meaning when used in the statutes and the law unless there are strong indications the term was used in a general sense." *Prue*, 63 Wis. 2d at 116, 216 N.W.2d at 46.

The holding in *Prue* that probation is not a sentence has been followed in a number of cases. *See, e.g., State v. Gereaux*, 114 Wis. 2d 110, 113, 338 N.W.2d 118, 119 (Ct. App. 1983) (Section 973.09(1), STATS., which permits a period of probation to be consecutive to a sentence, does not permit two periods of probation to be consecutive because probation is not a sentence); *State v. Meddaugh*, 148 Wis. 2d 204, 205–06, 435 N.W.2d 269, 270 (Ct. App. 1988) (condition of probation requiring jail time is not "imprisonment" within the meaning of § 346.65(2)(c), STATS.); *State v. Avila*, 192 Wis. 2d 870, 885, 532 N.W.2d 423, 428 (1995) (confinement as a condition of probation is not a "sentence" under § 973.04, STATS., which gives credit for confinement previously served when sentence is vacated and new sentence imposed for same crime).

The State is correct that neither *Prue* nor the cases following it interpreted § 973.15, STATS. However, *Prue* instructs that unless there are "strong indications"

---

[3] At the time *Prue* was decided, § 973.09(1), STATS., did not contain the words "under s. 973.15." That was added by Laws of 1981, ch. 50, § 1.

that "sentence" is used in a general sense, which could include probation or jail time served as a condition of probation, we should interpret it in the narrower manner, which does not include probation. Our reading of § 973.15(1) and (2) does not indicate that "sentence" is used in the more general sense, to include probation. Indeed, the distinctions made in para. (2)(b) relating to a "sentence to the intensive sanctions program" indicate a distinction between probation and sentence. That paragraph provides:

> [T]he court may not impose a sentence to the intensive sanctions program concurrent with a sentence imposing imprisonment, except that the court may impose a sentence to the program concurrent with an imposed and stayed sentence or with a prison sentence for which the offender has been released on parole . . . . The court may impose an intensive sanction program concurrent to probation . . . .

Section 973.15(2)(b).

Reinforcement for the view that "sentence" in § 973.15(1) and (2), STATS., does not include probation or jail time as a condition of probation comes from *Drinkwater v. State*, 69 Wis. 2d 60, 230 N.W.2d 126 (1975). There the court addressed whether an earlier version of § 973.15[4] permitted the court, when proba-

---

[4] The version of § 973.15(1), STATS., 1973, addressed in *Drinkwater*, provided:

973.15 **Sentence, terms, escapes.** (1) All sentences to the Wisconsin state prisons shall be for one year or more. Except as otherwise provided in this section, all sentences commence at noon on the date of sentence, but time which elapses after sentence while the defendant is in the county jail or is at large on bail shall not be computed as any part of his term of imprisonment. The court may impose as many sentences as there are convictions and may provide that any such sentence be concurrent or that it shall

391

tion was revoked, to order that the sentence imposed for the crime for which the person was initially put on probation be served consecutive to a sentence for the crime triggering revocation. *Drinkwater*, 69 Wis. 2d at 67, 230 N.W.2d at 128–29. The court concluded this was not permitted, because § 973.10(2), STATS., not § 973.15, dealt with the imposition of sentence following revocation of probation. *Id.* at 70–73, 230 N.W.2d at 130–32. In reaching this conclusion, the court noted that the earliest version of § 973.15 preceded the first probation statutes by over thirty years, and nothing in the changes to § 973.15 since its inception indicated that it was intended to apply to sentences imposed or ordered after a probation revocation, *id.* at 68–70, 230 N.W.2d at 129–30, or to "any probation situation." *Id.* at 73, 230 N.W.2d at 131. While the court in *Drinkwater* was contemplating a different factual situation and different issue than we have in this case, we consider its discussion of § 973.15 instructive: at that time there was no indication to the court that the statute was intended to address situations where probation had previously been ordered.

Subsequent amendment to § 973.15, STATS., has changed that in one respect. In *State v. Thompson*, 208 Wis. 2d 253, 559 N.W.2d 917 (Ct. App. 1997), we considered whether § 973.15(2) authorizes a court to impose a sentence consecutive to a previously imposed but stayed sentence where probation had not yet been

commence at the expiration of any other sentence; and if the defendant is then serving a sentence, the present sentence may provide that it shall commence at the expiration of the previous sentence. If a convict escapes, the time during which he is unlawfully absent from the prison after such escape shall not be computed as part of his term. Courts may impose sentences to be served in whole or in part concurrently with a sentence being served in a federal institution or an institution of another state.

revoked. We concluded that the plain language of § 973.15(2) permitted this, because the trial court had not withheld sentencing when placing Thompson on probation but had imposed a sentence, and revocation of probation was not necessary to impose a sentence: that had already occurred and revocation simply triggered the execution of the imposed and stayed sentence. *Thompson*, 208 Wis. 2d at 256–57, 559 N.W.2d at 918. We also noted that the legislative history supported our interpretation, because the amendment to § 973.15(2) removed the language that a sentence could be consecutive to another sentence the defendant was "then serving," thereby allowing consecutive sentences where the first sentence had been imposed but was not presently being served.[5] *Id.* at 257, 559 N.W.2d at 918.

---

[5] The Judicial Counsel Committee Note referred to in *State v. Thompson*, 208 Wis. 2d 253, 257, 559 N.W.2d 917, 918 (Ct. App. 1997), explains that the reason for the amendment was that the then-existing version "failed to achieve its apparent purpose of allowing consecutive sentencing in situations involving probation and parole revocations," citing *Drinkwater*, 69 Wis. 2d 60, 230 N.W.2d 126 (1975), and other cases. Judicial Council Committee Note, 1981, § 973.15(2)(a), Stats.

We also observe that at the same time, there was an amendment to § 973.09(1)(a), Stats., to add "under § 973.13," so that the statute now reads:

> 973.09(1)(a) Except as provided in par. (c) or if probation is prohibited for a particular offense by statute, if a person is convicted of a crime, the court, by order, may withhold sentence or impose sentence *under s. 973.15* and stay its execution, and in either case place the person on probation. . . .

Laws of 1981, ch. 50, § 1. The purpose of adding this was to "clarify that the provisions of [973.15] govern the imposition of sentence even though the court stays executions under this

The parties do not advise us whether sentence was imposed and stayed for the prior crimes for which Maron was placed on probation or whether sentence was withheld. As far as we can tell from the record, sentence was not imposed for the prior offenses. In any event, the trial court here did not order the sentence consecutive to a prior sentence, as did the trial court in *Thompson*, but consecutive to the jail time imposed as a condition of probation.

The State recognizes that *Thompson* decided an issue concerning the interpretation of § 973.15(2), STATS., that is not present in this case. However, the State argues that the fact that the legislature "closed one loophole" in § 973.15(2)—by deleting the restrictive modifier "then serving"—indicated an intent to close the "similar sort of loophole" that Maron seeks to take advantage of. We disagree. This amendment to § 973.15(2) just as reasonably supports the opposite conclusion: the legislature has chosen to broaden a trial court's authority under § 973.15(2) to include one circumstance but has not chosen to broaden it to include the circumstance here.

The State argues convincingly that Maron's reading of the statute thwarts the punitive purposes of the trial court's order and is not good policy. We do not dispute that there may be good reasons for permitting a sentence to be made consecutive either to a term of probation or to jail time served as a condition of probation, such as the reasons the trial court articulated here. However, those are policy considerations that must be addressed to the legislature, not this court.

statute." Judicial Council Committee Note, 1981, § 973.09(1)(a), STATS.

■

We conclude that § 973.15(2), STATS., does not permit a court to impose a sentence consecutive to a term of probation. We reach this result because we are persuaded that nothing in the language of § 973.15(1) or (2) or its legislative history indicates that "sentence" is intended to include the imposition of probation. For the same reasons, we conclude that § 973.15(2) does not permit a court to order a sentence to be served consecutive to jail time imposed as a condition of probation.

■

As a general rule, resentencing is the proper method to correct a sentence which is not in accord with the law. *State v. Holloway*, 202 Wis. 2d 694, 700, 551 N.W.2d 841, 844 (Ct. App. 1996). Maron argues, however, that because he has completed serving the jail time that was a condition of probation in the first case, a remand for resentencing would permit the trial court to do what § 973.15(2), STATS., does not authorize—impose a sentence consecutive to the prior probation. Maron's argument assumes that because § 973.15(2) does not authorize the trial court to impose the precise sentence that it did—seventy-five days jail time to begin when the then-current jail time expired on December 5, 1996,—there were no lawful means available to the court to achieve its expressed goal that Maron serve additional jail time for this offense. That premise is incorrect. The court might have chosen to stay execution of the sentence on September 30, 1996, for sixty days under § 973.15(8)(a)3, STATS.,[6] or might

---

[6] Section 973.15(8)(a), STATS., provides:

The sentencing court may stay execution of a sentence of imprisonment or to the intensive sanctions program only:
1. For legal cause;
2. Under s. 973.09 (1) (a); or

395

have imposed a jail term of longer than seventy-five days, up to the maximum of ninety days. *See* §§ 947.01 and 939.51(3)(b), STATS. There are likely other options the court might have chosen had it understood the limitation of § 973.15(2). A sentencing proceeding is not a game, and when a trial court mistakenly imposes a criminal disposition that is not authorized by law, the result should not be a windfall to the defendant. *State v. Upchurch*, 101 Wis. 2d 329, 336, 305 N.W.2d 57, 61 (1981). We conclude that a remand for resentencing is the proper method to correct the sentence.

*By the Court.*—Judgment reversed and cause remanded with directions.

---

3. For not more than 60 days.