FITZPATRICK, J.[1]
¶1 Caleb Hawley appeals a judgment of conviction of the Dodge County Circuit Court denying sentence credit. In this case, the circuit court imposed a sentence to run consecutive to jail time that Hawley was then serving as a condition of probation in Dane County. Hawley argues that the circuit court lacked authority to stay the sentence so that it would run consecutive to the Dane County conditional jail time, and he requests sentence credit for this conviction. Because the circuit court lacked authority to impose a sentence consecutive to Hawley's jail time as a condition of probation and the appropriate remedy is resentencing, I reverse and remand with directions.
BACKGROUND
¶2 There is no dispute as to the following facts, which are gleaned from the record.
¶3 In this case, Hawley was convicted of two counts of misdemeanor theft through a false representation as a repeater (Dodge County Case No. 2015CM000216). More specifically, Hawley deceived two businesses into donating money to help a cancer patient, but Hawley kept the money for himself. The circuit court withheld sentence on each count and placed Hawley on probation for 24 months for each count, concurrent, beginning on December 22, 2015.
¶4 On August 9, 2016, while on probation for that Dodge County conviction, Hawley was convicted of possession of narcotic drugs as a repeater and theft of movable property as a repeater in Columbia County Case No. 2016CF000041. The circuit court sentenced Hawley to 90 days in jail on the narcotic drugs count and 120 days in jail on the theft of movable property count, to be served consecutively. After the calculation of good time, Hawley served the 90-day sentence from August 10, 2016 to October 15, 2016, and the 120-day sentence from October 16, 2016 to January 14, 2017.
¶5 On October 14, 2016, the Wisconsin Department of Corrections (DOC) revoked Hawley's probation in this case and a prior case (Columbia County Case No. 2011CF000097) because of the new Columbia County conviction and new criminal charges in Dane County.
¶6 On October 28, 2016, prior to returning to the circuit court for sentencing on his convictions in this case, Hawley's counsel arranged for Hawley to first appear in the Dane County Circuit Court for pleas and sentencing in two cases arising out of that county. There, Hawley was convicted of uttering a forgery and theft of movable property in Dane County Case No. 2016CF001100. On the forgery count, the circuit court withheld sentence and placed Hawley on probation for five years with six months of jail time as a condition of probation. On the theft count, the circuit court withheld sentence and placed Hawley on probation for one year. Also on October 28, 2016, Hawley was convicted of armed robbery as a repeater in Dane County Case No. 2016CF001360. For that count, the circuit court withheld sentence and placed Hawley on probation for five years with 12 months of jail time as a condition of probation consecutive to the six months of conditional jail time in Dane County Case No. 2016CF001100, for a total of eighteen months conditional jail time in the Dane County cases.
¶7 After those events in the Dane County Circuit Court, Hawley's counsel arranged for Hawley to return to the Dodge County Circuit Court for sentencing in this case on February 10, 2017. The circuit court sentenced Hawley to three months jail time on each count of theft through a false representation, to be served consecutive to each other and "consecutive to any other sentence previously imposed." After the parties advised the circuit court that Hawley was then serving jail time as a condition of his probation in Dane County, and would finish serving that time on April 20, 2018, the Dodge County Circuit Court ordered a report date of April 20, 2018, for Hawley to begin his jail sentence in this case.
¶8 On February 6, 2018, Hawley filed a motion to commence the sentence imposed in this case as of February 10, 2017. The circuit court heard that motion in March 2018. At that hearing, the circuit court observed that it could "not order a sentence to be served consecutive to conditional jail." Nevertheless, the circuit court concluded that "the intent of the sentence to be consecutive would be defeated if it was to run concurrent with conditional jail [in Dane County]," and the circuit court found "legal cause" under WIS. STAT. § 973.15(8)(a)1. to support staying execution of Hawley's sentence until after he had served the conditional jail time for his probation term in Dane County.
¶9 Hawley filed a motion to reconsider, arguing that the circuit court lacked authority to impose a sentence consecutive to his conditional jail time in Dane County and that the court's finding of "legal cause" was erroneous. The circuit court denied that motion.
¶10 Hawley appeals.
DISCUSSION
¶11 Hawley argues that the circuit court lacked authority to order a sentence consecutive to Hawley's Dane County conditional jail time because, under Wisconsin law, jail time served as a condition of probation is not a "sentence" within the meaning of WIS. STAT. § 973.15. Hawley additionally asserts that, under the "legal cause" exception, the circuit court lacked authority to stay execution of the sentence in this case until after he served his Dane County conditional jail time. See § 973.15(8)(a)1. Finally, Hawley makes the remarkable argument that he is entitled to sentence credit in this case for jail time he served in Dane County which is not connected to the course of conduct for which the sentence was imposed in this case.
¶12 I conclude that the circuit court lacked authority to order the sentence of jail time in this case to run consecutive to Hawley's conditional jail time in Dane County, and the appropriate remedy is resentencing.
I. Standard of Review and Interpretation of Statutes.
¶13 "A court's authority in sentencing, including the power to impose consecutive sentences, is controlled by statute." State v. Maron , 214 Wis. 2d 384, 388, 571 N.W.2d 454 (Ct. App. 1997). The interpretation of a statute and its application to a set of facts are questions of law which this court reviews de novo. See id.
¶14 "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.' " State ex rel. Kalal v. Circuit Court for Dane Cty. , 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (quoting Seider v. O'Connell , 2000 WI 76, ¶43, 236 Wis. 2d 211, 612 N.W.2d 659 ). Wisconsin courts interpret statutory language "reasonably, to avoid absurd or unreasonable results." Id. , ¶46.
II. The Circuit Court's Sentencing Authority.
¶15 Under WIS. STAT. § 973.15(1), "all sentences commence at noon on the day of sentence" unless provided otherwise. Sec. 973.15(1). The circuit court has authority to "impose as many sentences as there are convictions and [it] may provide that any such sentence be concurrent with or consecutive to any other sentence imposed at the same time or previously." Sec. 973.15(2)(a).
¶16 In Maron , this court considered the question of whether a circuit court has "authority to order that [a] sentence be served consecutive to jail time already being served as a condition of probation." Maron , 214 Wis. 2d at 386. We concluded that "sentence," as the term is used in WIS. STAT. §§ 973.15(1) and (2), did not include the imposition of jail time as a condition of probation. Id. at 395. Accordingly, § 973.15(2)"does not permit a court to order a sentence to be served consecutive to jail time imposed as a condition of probation." Id.
¶17 Hawley argues that this court's holding in Maron controls the result, and the circuit court lacked the authority under WIS. STAT. § 973.15 to impose a jail sentence in this case consecutive to Hawley's jail time as a condition of probation in Dane County.[2] In response, the State contends that the circuit court lawfully stayed Hawley's sentence under the "legal cause" exception. See § 973.15(8)(a)1. However, the State does not respond to Hawley's argument that Maron controls the result in this case, and the State does not develop an argument to distinguish Maron . The State's only citations to Maron are in support of its argument that Hawley is not entitled to sentence credit and that the proper remedy is resentencing. In light of the State's truncated argument on this question, I conclude that Maron controls the result under these circumstances, and the circuit court lacked the authority to impose the sentence in this case consecutive to Hawley's conditional jail time in Dane County.[3]
¶18 Next, the parties dispute whether this court must grant Hawley sentence credit in this case or remand for resentencing.
III. The Proper Remedy Is Resentencing.
¶19 In Maron , this court stated that "[a]s a general rule, resentencing is the proper method to correct a sentence which is not in accord with the law." Maron , 214 Wis. 2d at 395. Maron argued that a remand for resentencing would allow the circuit court "to do what [ WIS. STAT. § 973.15(2) ] does not authorize - impose a sentence consecutive to the prior probation." Id. This court rejected Maron's argument because Maron's argument assumed that "there were no lawful means available to the court to achieve its expressed goal that Maron serve additional jail time for this offense," when, in fact, there were "other options the court might have chosen, had it understood the limitation of § 973.15(2)." Id. at 395-96. Maron further held that "[a] sentencing proceeding is not a game, and when a trial court mistakenly imposes a criminal disposition that is not authorized by law, the result should not be a windfall to the defendant." Id. at 396. Accordingly, Maron concluded that the appropriate method to correct Maron's sentence was a remand for resentencing. Id. Because Maron controls this case, I conclude that the proper method to correct Hawley's sentence is a remand for resentencing.
¶20 As was stated in Maron , the circuit court here might have chosen other options at sentencing had it understood the limitation of WIS. STAT. § 973.15(2). Similar to the suggestions in Maron , 214 Wis. 2d at 395-96, the circuit court might have chosen in February 2017 to stay execution of the sentence for sixty days under § 973.15(8)(a)3. and sentence Hawley within the maximum of two years each on both counts of theft by a false representation as a repeater so as to effectuate the total of six months in jail intended by the circuit court. See WIS. STAT. § 943.20(3)(a) (class A misdemeanor for theft by a false representation where value of property does not exceed $ 2,500); WIS. STAT. § 939.51(3)(a) (class A misdemeanor punishable by imprisonment not to exceed nine months); WIS. STAT. § 939.62(1)(a) (if actor is a repeater, a maximum term of imprisonment of one year or less may be increased to not more than two years). Accordingly, the circuit court had lawful means available to achieve its expressed goal that "the punishment ... imposed in this case is not bundled with some other time that [Hawley is] serving." In the manner noted above, or in another manner in the circuit court's discretion, an intended sentence can be effectuated by the circuit court on remand.
¶21 Hawley makes a number of arguments in an attempt to circumvent the holding in Maron and obtain sentence credit. I reject these arguments.
¶22 Having already relied on Maron for his argument that the circuit court lacked authority to impose a sentence consecutive to his conditional jail time, Hawley incongruously asserts that "[t]his sentence was proper and legal. The State does not dispute that the sentence was legal." This contention is a bald attempt to escape the logical conclusion of Hawley's initial argument that Maron controls. I reject Hawley's attempt to take advantage of these plainly inconsistent positions.
¶23 Next, Hawley contends that the circuit court "sought to accomplish the same result as a sentence consecutive to conditional jail through a stay of sentence" and that "[t]he proper remedy for an illegal stay [of sentence] is to void [it] and grant sentence credit." This argument fails for at least the following reasons. First, the holding in Maron does not support granting sentence credit based on Hawley's distinction between what the circuit court sought to accomplish (a sentence consecutive to Hawley's conditional jail time) and the means that it used to impose the intended sentence (a stay for legal cause). To the contrary, this court stated that "[a]s a general rule, resentencing is the proper method to correct a sentence which is not in accord with the law." Maron , 214 Wis. 2d at 395. Hawley provides no authority to support a departure from the general rule.[4] Second, Hawley's argument wrongly assumes, like the defendant's argument in Maron , that the circuit court did not have lawful means to accomplish its intended goal apart from the unlawful stay of sentence. As described above, the circuit court had other lawful means to impose a sentence such that Hawley would serve additional jail time for his Dodge County convictions. Under these circumstances, Maron dictates that the appropriate remedy is resentencing.
¶24 Finally, Hawley argues that, if no sentence credit is granted in this case and he successfully completes his probation in the Dane County cases, the time that he spent in custody from February 10, 2017, to April 20, 2018, will not be credited to any of his numerous cases. Hawley contends that "[t]here is no concern here with double sentence credit" because he "was not serving a sentence in Dane County" at the time. Rather, during this period, Hawley was serving jail time as a condition of his probation in Dane County. Hawley's contention, at bottom, is that he deserves sentence credit simply because the sentencing in this case was scheduled when he happened to be serving his conditional jail time in Dane County. I reject this argument because, on the question of remedy, it is of no consequence that Hawley was serving conditional jail time rather than a sentence during this period. Moreover, if I were to accept Hawley's argument, the result would be a "windfall" to Hawley because it would permit him to avoid this sentence merely because of the timing of the sentencing hearing.[5] To allow such an absurd result would defeat the purpose of WIS. STAT. § 973.15 and frustrate the circuit court's intention that Hawley receive additional punishment for his convictions in this case. As to this last point, it bears repeating that "[a] sentencing proceeding is not a game, and when a trial court mistakenly imposes a criminal disposition that is not authorized by law, the result should not be a windfall to the defendant." Maron , 214 Wis. 2d at 396.
¶25 On remand, the circuit court shall resentence Hawley for his convictions in Dodge County Case No. 2015CM000216.
CONCLUSION
¶26 For the foregoing reasons, the judgment of the circuit court is reversed and the cause remanded with directions.
By the Court. -Judgment reversed and cause remanded with directions.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

The present version of Wis. Stat. § 973.15 is almost identical to the version of § 973.15 construed by this court in State v. Maron , 214 Wis. 2d 384, 571 N.W.2d 454 (Ct. App. 1997). In any event, the parties do not argue that the minor changes introduced since this court decided Maron affect the result in this case.

In a different case involving different circumstances and arguments, the State might (or might not) again take up this issue and prevail by successfully distinguishing Maron . This is not that case.

Hawley's citation to Drewniak v. State ex rel. Jacquest , 239 Wis. 475, 489, 1 N.W.2d 899 (1942) on this point is to no avail. The question in Drewniak was "whether the trial court had power to stay the execution of the sentence from time to time for the purpose of having the defendant available to testify at some future session of the grand jury." Id. at 482. This case concerns whether the circuit court had power to order a sentence consecutive to Hawley's conditional jail time and, accordingly, State v. Maron , 214 Wis. 2d 384, 571 N.W.2d 454 (Ct. App. 1997), not Drewniak , controls.

Besides, whenever a defendant successfully completes probation, that defendant never receives sentence credit for jail time imposed as a condition of that probation.